UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MERIT CAPITAL GROUP, LLC,

                        Plaintiff,                    **COMPLAINT**

                                                          Case No.
    -against-
                                                          *Jury Demanded*

TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                        Defendants.

-----------------------------------------------------------------X

       Plaintiff Merit Capital Group, LLC ("Merit Capital"), by its attorneys, for its complaint against defendants Trio Industries Management, LLC ("Trio Industries Management"), Trio Industries Holdings, LLC ("Trio Industries Holding"), Evan R. Daniels ("Daniels"), and Robert E. Gyemant ("Gyemant"), alleges as follows.

### Nature of the Action

       1.      Desperate for money, Trio Industries Management borrowed hundreds of thousands of dollars from Merit Capital but has flatly refused to repay the money. Trio Industries Management's subsidiary, Trio Industries Holdings, and Trio Industries Management's owners, Daniels and Gyemant, individually guaranteed the underlying debt but also have refused to repay the money owed to Merit Capital. Additionally, Trio Industries Management pledged all of its right, title and interest in Trio Industries Holdings to Merit Capital, to further induce Merit Capital to enter into this transaction, but despite defendants' breach has failed to convey its interest in Trio Industries Holdings to Merit Capital as required. Instead, defendants have been

conducting the affairs of Trio Industries Holdings as if they were still the rightful controlling owner of the company, when they certainly are not, and evidently have been dissipating the company's assets and impairing the membership interests in Trio Industries Holdings, all to the detriment of Merit Capital, the majority shareholder of the business.

## The Parties

2.  Plaintiff Merit Capital is a limited liability company duly organized and existing under the laws of the State of New York, and maintains its principal place of business at 545 Madison Avenue, Suite 1600, New York, New York 10022. By virtue of the transaction set forth below, Merit Capital is a secured lender of Trio Industries Management as well as an owner of Trio Industries Holdings.

3.  Upon information and belief, defendant Trio Industries Management is a limited liability company duly organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 8411 Preston Road, Suite 850, Dallas, Texas 75225. Upon information and belief, Trio Industries Management is engaged in the manufacturing business and is the owner of all Class A membership interests in Trio Industries Holdings.

4.  Upon information and belief, defendant Trio Industries Holdings is a limited liability company duly organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 8411 Preston Road, Suite 850, Dallas, Texas 75225.

5.  Upon information and belief, defendant Daniels is a citizen of the State of Texas and is the owner of certain membership interests in Trio Industries Management.

6.  Upon information and belief, defendant Gyemant is a citizen of the State of Texas and is the owner of certain membership interests in Trio Industries Management.

**Jurisdiction and Venue**

7.      This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the dispute is between citizens of different states and the amount in controversy well exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this district, and because the parties expressly agreed to this venue.

**The Relevant Facts**

A.   *The Underlying Transaction*

9.      Trio Industries Management, Trio Industries Holdings, Daniels, and Gyemant – all desperate to obtain working capital for Trio Industries Management – entered into various agreements last year with Merit Capital including a loan agreement, a promissory note, a pledge agreement, personal guarantees, and a membership interest purchase agreement, all negotiated, consummated and funded in New York City.

10.      Trio Industries Management and Merit Capital entered into a loan agreement on or about June 13, 2003, whereby Merit Capital agreed to loan Trio Industries Management up to $1 million, at 18% interest per annum.  Under the loan agreement, the principal balance and interest were due to be repaid by Trio Industries Management by January 1, 2004, except that the maturity date of the loan would be automatically extended to July 1, 2004, in the event that Trio Industries Management or Trio Industries Holdings failed to raise a certain specified amount of financing.  Upon Trio Industries Management's failure to timely pay any portion of the principal or interest due under the loan agreement, Merit Capital's lending commitment was deemed

terminated and was entitled to pursue all available claims and remedies, including but not limited to recovery of reasonable attorneys' fees and costs.

11.     As of June 13, 2004, Trio Industries Management already was indebted to Merit Capital in the sum of $220,000, representing funds previously disbursed to Trio Industries Management.

12.     The parties' loan agreement was further evidenced by a promissory note dated June 13, 2003, in which Trio Industries Management (i) promised to pay to Merit Capital the principal sum of $1 million, or so much thereof as has been advanced, together with interest at the rate of 18% per annum; (ii) acknowledged that, upon default, the entire principal sum and accrued interest shall at once become due and payable without notice; and (iii) agreed that Merit Capital is entitled to be reimbursed for all costs of collection upon any default by Trio Industries Management under the promissory note, including its reasonable attorneys' fees.

13.     On or about June 13, 2003, in order to secure the timely payment of the monies owed to Merit Capital under the loan agreement and promissory note, Trio Industries Management pledged to Merit Capital all of Trio Industries Management's right, title and interest in Trio Industries Holdings in a pledge agreement dated June 13, 2004.  Under the pledge agreement, Trio Industries Management agreed that, in the event of default, Merit Capital shall have the right to immediately and without notice foreclose on the pledged interests and, thereafter, in its sole discretion, retain, sell, pledge, assign, lend or otherwise dispose of, transfer or make any other disposition whatsoever, any or all of the pledged interests as its own rightful property, without notice to or protest by Trio Industries Management.  In addition, Trio Industries Management also irrevocably appointed Merit Capital its attorney-in-fact for the purposes of

carrying out the provisions of the pledge agreement and taking any action and executing any instrument which Merit Capital deemed necessary or advisable, and agreed to pay Merit Capital its reasonable attorneys' fees and costs incurred in connection with the enforcement of the pledge agreement.

14.    Trio Industries Holdings, Daniels, and Gyemant, as an inducement to Merit Capital to enter into the loan agreement, each executed individual guarantees on or about June 13, 2003, absolutely and unconditionally guaranteeing the timely repayment of all the loaned monies to Merit Capital.  Each of these three guarantors also agreed to pay to Merit Capital its collection costs, including reasonable attorneys' fees, if the guaranteed obligations are not paid by the guarantors upon demand or if any or all of the individual guarantees are enforced through any judicial or other proceeding; and agreed that should it be necessary to reduce Merit Capital's claim against any guarantor to judgment, such judgment shall bear interest at the rate of 18% per annum or any greater maximum rate allowed by applicable laws.

15.    In consideration for Merit Capital's loan, Trio Industries Management and Trio Industries Holdings also entered into a membership interest purchase agreement with Merit Capital on or about June 13, 2003, granting Merit Capital an unrestricted 20% ownership interest in Trio Industries Holdings as well as a restricted 50% ownership interest, which, due to defendants' default, has been converted to an unrestricted 50% ownership interest – for a total of a 70% ownership interest in the company – and entitling Merit Capital to 70% of the net profits and other distributions of Trio Industries Holdings and reducing the ownership interests of Trio Industries Management by the same amount.

16. In total, Merit Capital loaned Trio Industries Management and the other defendants more than $700,000 pursuant to the above-referenced loan agreement.

17. In December 2003, Merit Capital provided defendants with notice that the promissory note was due and repayable the following month, on January 1, 2004, but defendants, in New York City, triggered the relevant provision of the loan agreement and automatically extended the maturity date of the loan to July 1, 2004.

18. On July 1, 2004, Trio Industries Management failed to pay Merit Capital all amounts due and outstanding, in excess of $739,054.14 (inclusive of interest through January 2004), and has refused to turn over to Merit Capital the pledged interests in Trio Industries Holdings. Trio Industries Holding, Daniels and Gyemant, as personal guarantors, also have failed to pay Merit Capital the monies currently outstanding.

19. To date, defendants have failed to cure their defaults despite demands to do so.

20. Defendants are wrongfully holding themselves out as the owners of Trio Industries Holdings, when Merit Capital is in fact the majority owner of that company, and, upon information and belief, are currently impairing the value of the membership interests in Trio Industries Holdings, mismanaging the company's business as well as misappropriating, dissipating and impairing the value of its property and assets.

### First Cause of Action – Breach of Contract
### (Trio Industries Management)

21. Merit Capital repeats and realleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Trio Industries Management has breached its express and implied contractual obligations owed to Merit Capital by failing to pay Merit Capital all amounts currently due and owing pursuant to the parties' loan agreement and promissory note – approximately $739,054.14 – and by failing to turn over to Merit Capital the pledged interests in Trio Industries Holdings pursuant to the parties' pledge agreement, as set forth above.

23. By reason of the foregoing, Merit Capital has been damaged and is entitled to recover from Trio Industries Management the sum of $739,054.14, plus interest and reasonable attorneys' fees and costs pursuant to the parties' loan agreement, promissory note and pledge agreement.

### Second Cause of Action – Breach of Contract
**(Trio Industries Holdings, Evan R. Daniels, and Robert E. Gyemant)**

24. Merit Capital repeats and realleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Trio Industries Holdings, Daniels, and Gyemant each have breached their express and implied contractual obligations owed to Merit Capital by failing to pay Merit Capital in excess of $739,054.14 currently due and owing pursuant to these defendants' individual guarantees, as set forth above.

26. By reason of the foregoing, Merit Capital has been damaged and is entitled to recover from Trio Industries Holdings, Daniels, and Gyemant the sum of $739,054.14, plus interest and reasonable attorneys' fees and costs pursuant to the individual guarantees.

**Third Cause of Action – Declaratory Judgment**
**(Trio Industries Management and Trio Industries Holdings)**

27.     Merit Capital repeats and realleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

28.     Merit Capital is the majority owner of Trio Industries Management's right, title and interest in Trio Industries Holdings as a consequence of defendants' breach of the parties' pledge agreement and related loan documents.

29.     Trio Industries Management and Trio Industries Holdings have refused to transfer or otherwise turn over to Merit Capital all of Trio Industries Management's valuable right, title and interest in Trio Industries Holdings, as required by the parties' pledge agreement and related loan documents.

30.     There exists a justiciable controversy between Merit Capital and defendants.

31.     There is no adequate remedy at law.

32.     By reason of the foregoing, Merit Capital requests a declaratory judgment foreclosing on Trio Industries Management's right, title and interest in Trio Industries Holdings as set forth above, directing that Trio Industries Management irrevocably and absolutely convey, transfer and assign all such right, title and interest to Merit Capital, and lifting any and all restrictions on all ownership and other interests belonging to Merit Capital in connection with Trio Industries Holdings.

### Fourth Cause of Action – Injunction
### (Trio Industries Management, Trio Industries Holdings,
### Evan R. Daniels, and Robert E. Gyemant)

33.     Merit Capital repeats and realleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

34.     Merit Capital is the majority owner of all Trio Industries Management's right, title and interest in Trio Industries Holdings as a consequence of defendants' breach of the parties' pledge agreement and related loan documents, but Trio Industries Management and Trio Industries Holdings have refused to transfer or otherwise turn over to Merit Capital all such right, title and interest, as set forth above.

35.     Defendants Trio Industries Management, Trio Industries Holdings, Daniels, and Gyemant are wrongfully holding themselves out as the owners of Trio Industries Holdings, when Merit Capital is in fact the rightful owner of that company as set forth above, and, upon information and belief, defendants are currently impairing the value of the membership interests in Trio Industries Holdings, mismanaging the company's business as well as misappropriating, dissipating and impairing the value of its property and assets.

36.     There is no adequate remedy at law.

37.     By reason of the foregoing, Merit Capital requests a permanent injunction prohibiting each of the defendants, their agents and anyone acting on their behalf from transferring, conveying, selling, assigning, encumbering, hypothecating, dissipating and/or impairing the value of any membership interests in Trio Industries Holdings and any assets or other property belonging to or held for the benefit of Trio Industries Holdings; and taking or carrying out any actions on behalf of Trio Industries Holdings including, but not limited to,

conducting board or other corporate meetings, entering into contracts on behalf of Trio Industries Holdings, and managing the day-to-day operations of Trio Industries Holdings.

**WHEREFORE,** Merit Capital demands judgment against defendants Trio Industries Management, Trio Industries Holdings, Evan R. Daniels, and Robert E. Gyemant, jointly and severally, as follows:

i. on the first cause of action, damages in the sum of $739,054.14 plus accruing interest and reasonable attorneys' fees pursuant to the parties' loan agreement, promissory note and pledge agreement.

ii. On the second cause of action, damages in the sum of $739,054.14 plus accruing interest and reasonable attorneys' fees pursuant to the defendants' individual guarantees.

iii. On the third cause of action, a declaratory judgment foreclosing on Trio Industries Management's right, title and interest in Trio Industries Holdings, directing that Trio Industries Management irrevocably and absolutely convey, transfer and assign all such right, title and interest to Merit Capital, and lifting any and all restrictions on all ownership and other interests belonging to Merit Capital in connection with Trio Industries Holdings.

iv. On the fourth cause of action, a permanent injunction prohibiting each of the defendants, their agents and anyone acting on their behalf from transferring, conveying, selling, assigning, encumbering, hypothecating, dissipating and/or impairing the value of any membership interests in Trio Industries Holdings and any assets or other property belonging to or held for the benefit of Trio Industries Holdings; and taking or carrying out any actions on behalf of Trio Industries Holdings including, but not limited to, conducting board or other corporate meetings, entering into contracts on behalf of Trio Industries Holdings, and managing the day-to-day operations of Trio Industries Holdings.

v. The costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as may be just and proper.

Dated: September 26, 2004

                              GERSTEN, SAVAGE, KAPLOWITZ,
                              WOLF & MARCUS, LLP
                              Attorneys for Plaintiff


                              By: _____
                                  Robert S. Wolf (RW-9711)
                                  Barry R. Fertel (BF-7364)
                                  Marc R. Rosen (MR-9844)
                              101 East 52nd Street
                              New York, New York 10022
                              (212) 752-9700