```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/04
```

ORIGINAL

*Denied 09.29.04.*
*See order.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MERIT CAPITAL GROUP, LLC,

                  Plaintiff,

    -against-

TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                  Defendants.

------------------------------------------------------------X

**ORDER TO SHOW CAUSE
AND TEMPORARY
RESTRAINING ORDER**

Case No.
**04 CV 07690**

Present:

**JUDGE CASEY**

    Upon the annexed Affidavit of Harvey Bloch, sworn to on September 26, 2004, and attached exhibits, upon the accompanying Memorandum of Law dated September 27, 2004, and upon all prior proceedings had herein, and sufficient cause appearing, it is

    ORDERED, that defendants Trio Industries Management, LLC ("Trio Industries Management"), Trio Industries Holdings, LLC ("Trio Industries Holdings"), Evan R. Daniels ("Daniels"), and Robert E. Gyemant ("Gyemant"), or their attorneys, show cause before this Court, on October ___, 2004, before the Honorable _____, to be held at the courthouse located at 500 Pearl Street, New York, New York, room _____, at 9:30 a.m., or as soon thereafter as counsel can be heard, why an order should not be entered pursuant to Fed.R.Civ.Proc. 65, preliminarily enjoining Trio Industries Management, Trio Industries Holdings, Daniels and Gyemant, and their agents and all individuals and entities acting on their

behalf, from (1) transferring, conveying, selling, assigning, encumbering, hypothecating, dissipating and/or impairing the value of any membership interests in Trio Industries Holdings and any assets or other property belonging to or held for the benefit of Trio Industries Holdings, pending final adjudication of this action; and (2) taking or carrying out any actions on behalf of Trio Industries Holdings including, but not limited to, conducting board or other corporate meetings, entering into contracts on behalf of Trio Industries Holdings, and managing the day-to-day operations of Trio Industries Holdings, pending final adjudication of this action; and why an order should not be entered granting such further and additional relief as may be just and proper; it is further

ORDERED, that pending hearing and determination of this motion, Trio Industries Management, Trio Industries Holdings, Daniels and Gyemant, and their agents and all individuals and entities acting on their behalf, are prohibited from transferring, conveying, selling, assigning, encumbering, hypothecating, dissipating and/or impairing the value of any membership interests in Trio Industries Holdings and any assets or other property belonging to or held for the benefit of Trio Industries Holdings; it is further [handwritten: Security in the amount of $_____ will be posted by _____]

ORDERED, that defendants or their counsel shall serve any opposition papers upon plaintiff's counsel so as to be received by no later than two business days prior to the return date of this motion; it is further

ORDERED, that oral argument shall be required on the return date of this motion; and it is further

2

ORDERED, that service of a copy of this Order To Show Cause, together with the papers upon which it is granted, on defendants Trio Industries Management, Trio Industries Holdings and Gyemant, by overnight mail delivery to 8411 Preston Road, Suite 850, Dallas, Texas 75225, and on defendant Daniels, by overnight mail delivery to 7421 Frandford Road, Dallas, Texas 75225, by no later than October ___, 2004, be deemed good and sufficient service thereof.

Date: _____

ENTER,

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MERIT CAPITAL GROUP, LLC,

                Plaintiff,

                                                                 Case No.

    -against-

TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK  )

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

HARVEY BLOCH, ESQ., being duly sworn, deposes and says:

1. I am a member of plaintiff Merit Capital Group, LLC ("Merit Capital"), and am fully familiar with the facts and circumstance of this action. I respectfully submit this affidavit in support of plaintiff's motion for a temporary restraining order and preliminary injunction pursuant to Fed.R.Civ.Proc. 65, prohibiting defendants Trio Industries Management, LLC ("Trio Industries Management"), Trio Industries Holdings, LLC ("Trio Industries Holdings"), Evan R. Daniels ("Daniels"), and Robert E. Gyemant ("Gyemant"), their agents and all individuals and entities acting on their behalf, from (1) transferring, conveying, selling, assigning, encumbering, hypothecating, dissipating and/or impairing the value of any membership interests in Trio Industries Holdings and any assets or other property belonging to or held for the benefit of Trio

Industries Holdings; and (2) taking or carrying out any actions on behalf of Trio Industries Holdings including, but not limited to, conducting board or other corporate meetings, entering into contracts on the company's behalf, and managing the day-to-day operations of the company, all pending final adjudication of this action.

### Preliminary Statement

2. Desperate for money, Trio Industries Management borrowed and currently owes more than $700,000 to Merit Capital, none of which sum has been repaid. Trio Industries Management's subsidiary, manufacturer Trio Industries Holdings, and Trio Industries Management's owners, Daniels and Gyemant, individually guaranteed the underlying debt but also have refused to repay the substantial sum of money owed to Merit Capital.

3. In connection with the loan, Trio Industries Management pledged its right, title and interest in Trio Industries Holdings to Merit Capital, and agreed that, upon default, Merit Capital could immediately foreclose upon that title and interest. Despite defendants' default, Trio Industries Management has refused to convey its interest in Trio Industries Holdings to Merit Capital as required, and instead has been conducting the affairs of Trio Industries Holdings, along with the other defendants, as if they were still the rightful controlling owners of the company, when they certainly are not.

4. Defendants have been exercising wrongful control over the company, and very well may soon transfer, dispose of or impair the membership interests and assets of Trio Industries Holdings, to the detriment of the majority shareholder of the company, Merit Capital, without prompt judicial intervention.

## Merit Capital's Loan to Defendants

5.  Trio Industries Management, Trio Industries Holdings, Daniels, and Gyemant entered into various agreements last year with Merit Capital including a loan agreement, a promissory note, a pledge agreement, personal guarantees, and a membership interest purchase agreement, all which were negotiated, consummated and funded in New York City.

6.  Trio Industries Management and Merit Capital entered into a loan agreement on or about June 13, 2003 (Ex. A), whereby Merit Capital agreed to loan Trio Industries Management up to $1 million, at 18% interest per annum (id. at ¶ 3.1). Under the loan agreement, the principal balance and interest were due to be repaid by Trio Industries Management by January 1, 2004, except that the maturity date of the loan would be automatically extended to July 1, 2004, in the event that Trio Industries Management or Trio Industries Holdings failed to raise a certain specified amount of financing (id. at ¶ 8.1(b)). Upon Trio Industries Management's failure to timely pay any portion of the principal or interest due under the loan agreement (id. at ¶ 10.1(e)), Merit Capital's lending commitment was deemed terminated and was entitled to pursue all available claims and remedies, including but not limited to recovery of reasonable attorneys' fees and costs (id. at ¶¶ 9.2, 10.2, 10.4).

7.  As of June 13, 2004, Trio Industries Management already was indebted to Merit Capital in the sum of $220,000 (id. at ¶ 3.1), representing funds previously disbursed to Trio Industries Management.

8.  The parties' loan agreement was further evidenced by a promissory note dated June 13, 2003 (Ex. B), in which Trio Industries Management (i) promised to pay to Merit Capital the principal sum of $1 million, or so much thereof as has been advanced, together with interest

3

at the rate of 18% per annum; (ii) acknowledged that, upon default, the entire principal sum and accrued interest shall at once become due and payable without notice; and (iii) agreed that Merit Capital is entitled to be reimbursed for all costs of collection upon any default by Trio Industries Management under the promissory note, including its reasonable attorneys' fees.

9. On or about June 13, 2003, in order to secure the timely payment of the monies owed to Merit Capital under the loan agreement and promissory note, Trio Industries Management pledged to Merit Capital all of Trio Industries Management's right, title and interest in Trio Industries Holdings in a pledge agreement dated June 13, 2004 (Ex. C, ¶¶ 1-2). Under the pledge agreement, Trio Industries Management agreed that, in the event of default, <u>Merit Capital shall have the right to immediately and without notice foreclose on the pledged interests and, thereafter, in its sole discretion, retain, sell, pledge, assign, lend or otherwise dispose of, transfer or make any other disposition whatsoever, any or all of the pledged interests as its own rightful property, without notice to or protest by Trio Industries Management</u> (id. at ¶ 9(b)).

10. In addition, Trio Industries Management, under the pledge agreement, also <u>irrevocably appointed Merit Capital its attorney-in-fact for the purposes of carrying out the provisions of the pledge agreement and taking any action and executing any instrument which Merit Capital deemed necessary or advisable</u> (id. at ¶ 12), and agreed to pay Merit Capital its reasonable attorneys' fees and costs incurred in connection with the enforcement of the pledge agreement (id. at ¶ 15(a)).

11. Trio Industries Holdings, Daniels, and Gyemant, as an inducement to Merit Capital to enter into the loan agreement, each executed individual guarantees on or about June 13, 2003, absolutely and unconditionally guaranteeing the timely repayment of all the loaned

monies to Merit Capital (Exs. D-F, ¶ 1). Each of these three guarantors also agreed to pay to Merit Capital its collection costs, including reasonable attorneys' fees, if the guaranteed obligations are not paid by the guarantors upon demand or if any or all of the individual guarantees are enforced through any judicial or other proceeding; and agreed that should it be necessary to reduce Merit Capital's claim against any guarantor to judgment, such judgment shall bear interest at the rate of 18% per annum or any greater maximum rate allowed by applicable laws (id. at ¶ 3).

12. In consideration for Merit Capital's loan, Trio Industries Management and Trio Industries Holdings also entered into a membership interest purchase agreement with Merit Capital on or about June 13, 2003, granting Merit Capital an unrestricted 20% ownership interest in Trio Industries Holdings as well as a restricted 50% ownership interest, which, due to defendants' default, has been converted to an unrestricted 50% ownership interest – <u>for a total of a 70% ownership interest in the company</u> – and entitling Merit Capital to 70% of the net profits and other distributions of Trio Industries Holdings and reducing the ownership interests of Trio Industries Management by the same amount (Ex. G at ¶ 3.1).

13. In total, Merit Capital loaned Trio Industries Management and the other defendants more than $739,054.14 (inclusive of interest through January 2004 only), pursuant to the above-referenced loan agreement.

### Defendants' Default: Merit Capital Becomes the
### Majority Shareholder of Trio Industries Holdings

14.     In December 2003, Merit Capital provided defendants with notice that the promissory note was due and repayable the following month, on January 1, 2004, but defendants triggered section 8.1(b) of the loan agreement and automatically extended the maturity date of the loan to July 1, 2004.

15.     On July 1, 2004, Trio Industries Management failed to pay Merit Capital all amounts due and outstanding, in excess of $739,054.14, and has refused to turn over to Merit Capital the pledged interests in Trio Industries Holdings. Trio Industries Holding, Daniels and Gyemant, as personal guarantors, likewise have failed to pay Merit Capital the monies currently outstanding.

16.     To date, defendants, all of them, have failed to cure their defaults despite demands to do so.

17.     As a result, Merit Capital commenced this action and has asserted causes of action for breach of contract, declaratory judgment and injunctive relief (Ex. H), predicated on the fact that defendants are wrongfully holding themselves out as the owners of Trio Industries Holdings, and actually running the company, when <u>Merit Capital is in fact the majority owner of that company as a consequence of defendants' default under the loan agreement and related agreements</u>, and that Merit Capital is entitled to own and operate Trio Industries Holdings immediately.

## Merit Capital's Requested Injunctive Relief Should Be Granted

18. Pending final adjudication of this action, Merit Capital should be granted the requested injunctive relief because it has a likelihood of success on the merits, it will be irreversibly harmed absent the injunction, and the balance of the equities overwhelmingly favors Merit Capital.

### *Merit Capital's Likelihood of Success*

19. As set forth above, defendants owe Merit Capital more than $739,054.14, and defendants are in default under the loan agreement and related documents. Based on this default, Merit Capital has the absolute right under the parties' loan agreements, which speak for themselves, to foreclose on 70% of the membership interests in Trio Industries Holdings, and to immediately become the majority owner of the company. Specifically, the pledge agreement states unambiguously that:

> If an Event of Default occurs, the Pledgee shall have the right to immediately and without notice foreclose on the Pledged Interests, and may thereafter, directly or indirectly, at its sole discretion, retain, sell, pledge, assign, lend or otherwise dispose of, transfer or make any other disposition whatsoever, any or all of the Pledged Interests as its own rightful property, without notice to, or protest by, the Pledgor (Ex. C, § 9(b)).

20. Plainly, Merit Capital's likelihood of success in this action cannot be reasonably be questioned.

### *Merit Capital's Irreparable Injury*

21. Merit Capital will be irreversibly harmed without the requested injunctive relief.

22. Presently, defendants, who already defaulted on the company's obligations, have unfettered control over the day-to-day business of Trio Industries Holdings, even though Merit Capital is now the majority shareholder of the company.

7

23.     Defendants have no right to be operating the business of Trio Industries Holdings, and the financial integrity of the company, its assets, and its membership interests, all remain in great jeopardy while defendants remain at he helm of Trio Industries Holdings. In order to ensure that the company's affairs are conducted appropriately, and that its assets and membership interests are not disposed of or otherwise impaired in any way prior to the conclusion of this litigation, it is imperative that defendants not be permitted to control and operate Trio Industries Holdings, especially since they have no right to do so. Without an injunction, Merit Capital's membership interests in Trio Industries Holdings, and the assets of the company, are at great risk of losing part or all of their value.

24.     In stark contrast, there is no conceivable prejudice to defendants by virtue of the granting of an injunction, since defendants have no right to be operating Trio Industries Holding in the first place, and defendants will be in no worse position than they otherwise would be had they complied with their obligations under the parties' loan agreement and related loan documents.

### *The Balance of the Equities Heavily Favors Merit Capital*

25.     An analysis of the relevant equitable considerations militates in favor of granting the requested injunction.

26.     Merit Capital loaned defendants hundreds of thousands of dollars, and bargained for the right to take control of and operate Trio Industries Holdings upon a default by defendants. Defendants defaulted on their respective obligations, and Merit Capital is the victim here.

27.     Defendants should not be rewarded for their misconduct, and the rightful majority owner of the company should be permitted to operate Trio Industries Holdings during the

pendency of this case in order to endure that the company's membership interests and assets remain fully intact during the litigation.

28. In short, it would be terribly inequitable to allow defendants to profit from their prior wrongful actions and, at the same time, to jeopardize Merit Capital's interests in the company by not granting the injunction.

29. No application for this relief has been made previously.

**WHEREFORE,** Merit Capital respectfully requests that an order be entered pursuant to Fed.R.Civ.Proc. 65, temporarily restraining and preliminarily enjoining Trio Industries Management, Trio Industries Holdings, Daniels and Gyemant, their agents and all individuals and entities acting on their behalf, from (1) transferring, conveying, selling, assigning, encumbering, hypothecating, dissipating and/or impairing the value of any membership interests in Trio Industries Holdings and any assets or other property belonging to or held for the benefit of Trio Industries Holdings; and (2) taking or carrying out any actions on behalf of Trio Industries Holdings including, but not limited to, conducting board or other corporate meetings, entering into contracts on behalf of the company, and managing the day-to-day operations of the company, all pending final adjudication of this action; and granting such further and additional relief as may be just and proper.

Dated: September 23, 2004

_____
Harvey Bloch

Sworn to me before this
16 day of September 2004

_____
Notary Public

MARK SCHWARZ
Notary Public, State of New York
No. 02SC8880770
Qualified in New York County
Commission Expires November 30, 20 0 6