Steven G. Mintz (SM 5428)
MINTZ & GOLD LLP
444 Park Avenue South
New York, New York 10016
(212) 696-4848

Attorneys for Defendants Trio Industries Management, LLC,
Trio Industries Holdings, LLC, Evan R. Daniels
and Robert E. Gyemant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MERIT CAPITAL GROUP, LLC,                 :
                                          :
                    Plaintiff,            :
                                          :
        -against-                         :   **ANSWER**
                                          :
TRIO INDUSTRIES MANAGEMENT, LLC,          :   Case No. 04 Civ. 7690 (RCC)
TRIO INDUSTRIES HOLDINGS, LLC,            :
EVAN R. DANIELS, and ROBERT E. GYEMANT,   :
                                          :
                    Defendants.           :
------------------------------------------------------------------x

Defendants Trio Industries Management, LLC ("Trio Management"), Trio Industries Holdings, LLC ("Trio Holdings"), Evan R. Daniels ("Daniels") and Robert E. Gyemant ("Gyemant"), (collectively, the "defendants") answer the complaint as follows:

1.      Deny each and every allegation contained in paragraph 1 of the complaint, except admit that defendants have been conducting the affairs of Trio Holdings and, with regard to the parties' obligations under the various agreements discussed in the complaint, defendants respectfully refer the Court to those agreements.

2.      Deny knowledge or information sufficient to for a belief as to the truth of

the allegations contained in paragraph 2 of the complaint regarding plaintiff Merit Capital Group, LLC ("Merit Capital"), and deny that Merit Capital is a secured lender of Trio Management or an owner of Trio Industries.

3. Admit the allegations contained in paragraph 3 of the complaint.

4. Admit the allegations contained in paragraph 4 of the complaint.

5. Admit the allegations contained in paragraph 5 of the complaint.

6. Admit the allegations contained in paragraph 6 of the complaint.

7. Admit the allegations contained in paragraph 7 of the complaint.

8. Deny the allegations contained in paragraph 8 of the complaint.

9. Deny the allegations contained in paragraph 9 of the complaint, except admit that defendants entered into various agreements with Merit Capital in 2003.

10. Admit that Trio Management and Merit Capital entered into a loan agreement containing the terms described in the allegations contained in paragraph 10 of the complaint, except deny that the loan agreement entitles Merit Capital to the recovery of reasonable attorneys' fees and costs and deny that the loan agreement is enforceable due to plaintiff's fraudulent inducement, misrepresentations, failure of consideration and bad faith.

11. Deny the allegations set forth in paragraph 11 of the complaint.

12. Admit that the parties' loan agreement was evidenced by a promissory note containing the terms described in the allegations contained in paragraph 12 of the complaint, except deny that the promissory note is enforceable due to plaintiff's

fraudulent inducement, misrepresentations, failure of consideration and bad faith.

13. Admit that the parties entered into a pledge agreement containing the terms described in the allegations contained in paragraph 13 of the complaint, except deny that the pledge agreement is enforceable due to plaintiff's fraudulent inducement, misrepresentations, failure of consideration and bad faith.

14. Admit that Trio Holdings, Daniels and Gyemant executed individual guarantees containing the terms described in the allegations contained in paragraph 14 of the complaint, except deny that the individual guarantees are enforceable due to plaintiff's fraudulent inducement, misrepresentations, failure of consideration and bad faith.

15. Admit that Trio Management and Trio Holdings entered into a membership interest purchase agreement with Merit Capital granting Merit an unrestricted 20% ownership interest in Trio Holdings and a restricted 50% ownership interest, and deny the remainder of the allegations contained in paragraph 15 of the complaint and further deny that the membership interest purchase agreement is enforceable due to plaintiff's fraudulent inducement, misrepresentations, failure of consideration and bad faith.

16. Deny the allegations contained in paragraph 16 of the complaint.

17. Deny the allegations contained in paragraph 17 of the complaint.

18. Deny the allegations contained in paragraph 18 of the complaint.

19. Deny the allegations contained in paragraph 19 of the complaint.

20. Deny the allegations contained in paragraph 20 of the complaint.

21. Defendants reallege paragraphs 1 through 20 above as though fully set forth herein.

22. Deny the allegations contained in paragraph 22 of the complaint.

23. Deny the allegations contained in paragraph 23 of the complaint.

24. Defendants reallege paragraphs 1 through 23 above as though fully set forth herein.

25. Deny the allegations contained in paragraph 25 of the complaint.

26. Deny the allegations contained in paragraph 26 of the complaint.

27. Defendants reallege paragraphs 1 through 26 above as though fully set forth herein.

28. Deny the allegations contained in paragraph 28 of the complaint.

29. Deny the allegations contained in paragraph 29 of the complaint.

30. Admit the allegations contained in paragraph 30 of the complaint.

31. Deny the allegations contained in paragraph 31 of the complaint.

32. Deny the allegations contained in paragraph 32 of the complaint.

33. Defendants reallege paragraphs 1 through 32 above as though fully set forth herein.

34. Deny the allegations contained in paragraph 34 of the complaint.

35. Deny the allegations contained in paragraph 35 of the complaint.

36. Deny the allegations contained in paragraph 36 of the complaint.

37. Deny the allegations contained in paragraph 37 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. The documents on which plaintiff bases its claims were procured by fraud, trick and deceit, and therefore void ab initio.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. The plaintiff's claims are barred due to the failure of consideration on the part of plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41. The plaintiff's claims are barred by the doctrine of unconscionability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. The plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. The plaintiff's claims are barred by the doctrine of bad faith.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. General principles of equity preclude the Court from granting the relief requested.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45. The Court lacks personal jurisdiction over the defendants.

WHEREFORE, defendants respectfully demand judgment as follows:

A. Dismissing the Complaint in its entirety;

B. Awarding defendants the costs and disbursements of this action, including a reasonable attorneys' fee; and

C. Awarding defendants such other and further relief as to the Court appears just and proper.

Dated: New York, New York
October 27, 2004

MINTZ & GOLD LLP

By: _____
Steven G. Mintz
444 Park Avenue South
New York, New York 10016
(212) 696-4848