UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MERIT CAPITAL GROUP, LLC,

                              Plaintiff,

                                                                    Case No. 04 Civ. 7690 (RCC)

     -against-

TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                              Defendants.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

     Plaintiff, Merit Capital Group, LLC, by its attorneys, Gersten, Savage, Kaplowitz, Wolf & Marcus, LLP, respectfully submits this reply memorandum of law in further support of plaintiff's motion for a preliminary injunction against defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels, and Robert E. Gyemant.

     This memorandum is submitted for the discrete purpose of bringing to the Court's attention the following authorities, which demonstrate that plaintiff will suffer irreversible and irreparable harm absent injunctive relief. See Wisdom Import Sales Co., LLC v. Labatt Brewing Co. Ltd., 339 F.3d 101, 114-15 (2003) (granting preliminary injunction and stating that "right to participate in the management of [a company] has intrinsic value," that "the denial of a controlling ownership interest in a corporation," particularly "bargained-for" ownership interests, constitutes irreparable harm); Alcatel Space, S.A. v. Loral Space & Communications Ltd., 154 F. Supp.2d 570, 584 (S.D.N.Y. 2001) (holding that the plaintiff's loss of bargained-for ownership

rights satisfies irreparable harm requirement); Davis v. Rondina, 741 F. Supp. 1115, 1125 (S.D.N.Y. 1990) (finding that the defendant's breach of agreement, by excluding the plaintiff from management of the corporation, constitutes irreparable harm); Street v. Vitti, 685 F. Supp. 379, 384 (S.D.N.Y. 1988) (granting preliminary injunction and stating that, in that case, the value of shares in the company "cannot be determined adequately"); United Acquisition Corp. v. Banque Paribas, 631 F. Supp. 797, 805 (S.D.N.Y. 1985) (finding irreparable harm because of the plaintiff's "inability to gain control" of a company defendant allegedly agreed to sell, since the defendant could sell the company's shares during the litigation); see also Brenner v. Hart Systems, Inc., 114 A.D.2d 363, 493 N.Y.S.2d 881, 884 (2d Dep't 1985) (holding that denial of corporate director's right to examine corporation's books and records constitutes irreparable harm).

For the foregoing reasons, and for those set forth in the accompanying affidavit and plaintiff's moving papers, plaintiff respectfully requests that the motion for injunctive relief be granted.

Dated: November 30, 2004

>                    GERSTEN, SAVAGE, KAPLOWITZ,
>                    WOLF & MARCUS, LLP
>                    Attorneys for Plaintiff
>
>                    By: _____/s/ Marc Rosen_____
>                         Marc R. Rosen (MR-9844)
>                    101 East 52nd Street
>                    New York, New York 10022
>                    (212) 752-9700