Exhibit A

DUPLICATE ORIGINAL

# Financial Services Agreement

**This Financial Services Agreement is** entered into on the date indicated below by **Trio Industries Holdings, LLC** ("Trio") with its principal place of business located at 8411 Preston Road, Dallas, Texas 75225 and **Merit Capital Group LLC**, 545 Madison Avenue Suite 1600 New York, New York ("Merit").

### Recitals

**Whereas,** Trio has planned and developed a new business based upon the application of acrylic powder coating on wood. The process is used to produce high quality building materials products used in the construction or remodeling of residential dwelling units; and

**Whereas,** Trio wishes to engage Merit as its financial consultant in connection with the proposed construction of the manufacturing facility and expansion of the company to capture significant market share in the cabinet component market (the Project); and

**Whereas,** Merit has the experience and knowledge to provide the services sought by Trio; and

**Whereas,** the success of Trio in the future as it proceeds to develop new contracts and expand sales and marketing, at this stage, depends upon the ability of Trio to obtain additional and sufficient funding to build and expand its operations; now

**Therefore,** by reason of the promises and covenants contained in this Agreement and for other good and valuable consideration, the sufficiency of which is acknowledged, the Parties agree (the Agreement) as follows:

### 1. Definitions

a. "Financing or Project Finance" shall mean all funds obtained directly or indirectly by Merit in support of the Project, including, for example, loans, equity investments, mergers, acquisitions, and whether from government or private entities.

b. "Parties" shall mean Trio and Merit.

c. Trio shall include parent entities, subsidiaries, affiliates, successors and assigns in interest, if any, of these entities

1

## 2. Scope of Services

a. Merit shall assist in the preparation of a Business Plan for the Company, which will include a financial section and plan for purposes of developing strategies for the acquisition of funding.

b. Recommend a strategy for obtaining adequate financing for the Project (the" Financing Plan"), which would include the identification of the governmental agencies, private entities, and financial institutions whose programmatic or financial participation could lead to its successful implementation.

   1) Upon approval of the Financing Plan by Trio, assist the company in its implementation by, for example, assisting Trio in the negotiations to obtain the support of the targeted government, private agencies and financial institutions and helping prepare the documentation required by these entities.

   2) Provide whatever additional advice, support, and assistance Trio may reasonably require to secure the financing of the Project.

c. Merit shall not be required to provide any services other than those referred to above. Any other services or specialist advice required by Trio (such as, for example, legal, regulatory, accounting or taxation advice) shall be specifically arranged for and obtained by Trio from other specialist advisers. Merit is not responsible or liable for any services or advice provided or not provided to Trio by such third-party specialists or for Trio failure to obtain such advice, as the case may be.

## 3. Standard of Performance

Merit shall apply its best efforts to the achievement of the objectives defined in this Agreement. Trio acknowledges that Merit cannot guarantee success with respect to the accomplishment of the Financing Plan or any of its elements.

## 4. Compensation

a. As compensation to Merit for it's services Trio shall pay Merit:

   1) A fee equivalent to 5% of the total par amount of the financing obtained for the Project (the "Merit Fee or Fee").

   2) An Advance of $50,000 (the "Advance"). The Advance covers the reasonable costs and expenses incurred by Merit and undertaken

2

pursuant to this Agreement (the "Expenses"). The Advance shall be a credit against the Merit Fee and deducted at closing from the total Fee due Merit. The Advance shall be due as follows; $25,000 upon signing of the Agreement, and five payments of $5,000 each on the first day of the month beginning ___Aug. 1___ 2002

3) Merit may in it's sole discretion choose to waive all or a part of it's fee for equity in the company and/or Project subject to further negotiations with the company and memorialized in subsequent amendments to this agreement.

b. Trio shall pay the above compensation to Merit as follows:

1) The Merit Fee shall be paid in the full amount on the day of the closing and will be due and owing only if the Financing Plan is approved by Trio and implemented and the closing occurs. The Merit Fee shall be paid from closing proceeds; however, if the terms of the loan prohibit or limit the use of proceeds to be used for this purpose then, the Merit Fee shall be paid by Trio from its general fund.

2) Trio shall cause that the Merit Fee to be paid directly to Merit by wire transfer or by each institution providing any financing to or for the benefit of Trio and the Project, and shall issue the necessary instructions and authorizations to this effect.

3) Any amounts owed to Merit by Trio under this Agreement shall automatically bear interest from the date when they are payable up to the date of their effective settlements at the rate of 5% over the commercial bank prime lending rate.

## 5. Duration

The duration of this Agreement shall be two (2) years from the date of this Agreement and may be extended by mutual consent of the Parties.

## 6. Exclusivity

Trio shall not appoint any other financial consultant, adviser or investment banker in relation to the Project without the written consent of Merit. In order to coordinate efforts during the period of the Agreement, Trio shall not initiate discussions with third parties regarding the Project Financing without the written consent of the Merit.

3

### 7. Full Control

Trio shall not in any way be obliged to accept any commitment, financial or otherwise, proposed by Merit and Merit shall not have the authority to accept any commitment or enter into any contract on behalf of Trio except as may be expressly approved in writing by Trio.

### 8. Independent Contractor Relationship

Nothing contained in this Agreement shall be construed to constitute Merit as the partner or employee of Trio. Neither party has any authority to bind the other in any respect. Each party is and shall remain an independent contractor, responsible only for its own actions

### 9. Obligation to Cooperate

a. Trio will furnish Merit with all financial and other information as Merit requests in connection with the project and will disclose to Merit all information material to the engagement hereunder even if not requested. Merit represents and warrants that all information provided will not contain any untrue statement of a material fact or omit to state a material fact. Trio recognizes and confirms that Merit in performing the services contemplated hereunder will be relying solely on the information provided by Merit and such other information as is available from generally recognized public sources, will not independently verify the accuracy or completeness of such information, does not assume responsibility for the accuracy or completeness of the information provided, and may make appropriate disclaimers consistent with the forgoing in dealing with third parties.

b. Merit may ask Trio and its directors for certain confirmations relating to information contained in documents and announcements if Trio requests that Merit issue or approve (or arrange for the issuance of) such documents and announcements, and Merit may require further information from Trio in order to do so. Merit will require Trio to accept full responsibility for the contents of all documents and announcements.

c. Trio agrees that it will not issue, or arrange for the issue of, any document or announcement in relation to the Project, which refers, either expressly or by implication, to Merit or the Financing Plan without prior written consent of Merit.

c. The Parties commit to act in good faith and provide their full cooperation to each other in all matters related to the Project and this agreement.

4

## 10. Confidentiality

a. Trio agrees that any advice (written or oral) given by Merit is provided solely for the purpose of the Project and for the use and benefit of Trio in carrying out the Project and may not be used or relied on for any other purpose or disclosed to any other person without the written approval of Merit.

b. Subject to the conditions set forth below, Merit agrees to treat confidentially information that Merit receives from Trio for so long as such information remains non-public. Except as contemplated by this Agreement, Merit will not disclose such confidential information to any third party (except Trio affiliates and its representatives or outside advisers) without either the prior written consent of Trio or securing from such third party a confidentiality agreement in a customary form. The Parties recognize that they may be required by law to disclose confidential information, and that such requirement will constitute an exemption to this obligation.

c. Merit shall have no duty to disclose to Trio any information, which comes to its notice in the course of carrying on any other business or as a result of or in connection with the provision of services to other persons. Trio accepts that Merit may be prohibited from disclosing such confidential information.

## 11. Indemnity

a. Trio agrees to indemnify and hold harmless Merit, for its own account and as trustee for its affiliates and the respective directors, officers, agents, and employees of each of them, (the Indemnified Persons), from and against any and all losses, claims, demands, damages, costs, charges, expenses or liabilities (the "Claims") which the Indemnified Persons may suffer or incur or which may be made against any them relating to or arising directly or indirectly out of, or in connection with, the Project or this Agreement or out of any breach or alleged breach by Trio of any term of this Agreement: Trio will reimburse the Indemnified persons on demand for all costs and expenses (including professional and legal fees) which are incurred by the Indemnified Persons in connection with investigating, preparing or defending any Claims, whether or not in connection with pending or threatened litigation or arbitration, in which the Indemnified Persons are a party or otherwise involved, and whether or not resulting in liability on the part of the Indemnified Persons. Trio will not, however, be responsible for any claims incurred by an Indemnified Person to the extent that such claims are found in a final judgment by a court of competent jurisdiction (against which no appeal is or can be made) to have resulted solely from actions taken or omitted to be taken by the Indemnified Persons in bad faith or arising from the gross negligence of the Indemnified Persons.



b. Trio also agrees that no Indemnified Person shall have any liability, whether direct or indirect, to Trio or to Trio affiliates relating to or arising, directly or indirectly out of, or in connection with, the Project or Trio engagement hereunder except for any such liability for losses or damages incurred by Trio to the extent that such losses or damages are found in a final judgment by a court of competent jurisdiction (against which no appeal is or can be made) to have resulted solely from actions taken or omitted to be taken by the Indemnified Persons in bad faith or arising from their gross negligence.

c. Trio will not agree to any release in favor of Trio with respect to any litigation or Claim related to the Project, or to any settlement or compromise of any such litigation or Claim (and any such release, settlement or compromise shall not be effective) unless it also includes a full and unconditional release of Merit and the other indemnified persons hereunder.

## 12. TERMINATION

a. Trio may terminate the Agreement at any time by giving 30 DAYS prior written notice to Merit, without liability or continuing obligation to Merit except for any rights acquired by Merit prior to such termination for compensation and for the provisions relating to indemnity, confidentiality and resolution of disputes that shall survive any termination hereof.

b.   If Trio terminates the Agreement, Merit will be entitled to all compensation as provided for in this Agreement, if the Project obtains, within a period of 2 years following the date of termination, any of the different sources of financing, insurance and guarantees previously introduced, recommended or identified by Merit to Trio.

## 13. ENTIRE AGREEMENT

This agreement sets out the entire agreement and understanding between Trio and Merit with respect to the Project and supersedes and cancels any prior communications, understandings and agreement, both written and oral, between the Parties. This agreement cannot be amended or otherwise modified except by an instrument in writing signed on behalf of each of the parties hereto. The provisions hereof shall inure to the benefit of and be binding upon the successors and assigns of the Trio and Merit.

## 14. DISPUTE RESOLUTION

This agreement shall be governed by and construed in accordance with the laws of the State of New York. The parties hereby irrevocably submit to the jurisdiction of the courts of the State of New York in connection with any dispute related to or under this agreement or the Project. The Parties further

6

agree that the substantially prevailing Party in any litigation shall be entitled to recover fully its attorney fees and costs, including investigative costs, incurred (a) prior to litigation, if related to the litigation or to an effort to investigate and negotiate a solution to the dispute; (b) in litigation, including expenses and costs of appeal; and (c) in post-judgment activity, including the expenses and costs of collection.

### 15. COMMUNICATIONS

All communications between the Parties shall be made to the following addresses:

    a. If to Merit Capital Group LLC.
       c/o Mr. Alfred Salazar
       545 Madison Avenue
       Suite 1600
       New York, New York 10022

    b. If to Trio Industries Holdings, L.L.C.
       c/o Mr. Robert E. Gyemant
       8411 Preston Road
       Dallas, Texas 75225

DONE AND ENTERED INTO THIS __18th__ DAY OF July, 2002

Trio Industries Holdings, LLC        Merit Capital Group LLC

_____        _____

WITNESS                              WITNESS

_____        _____

7