Exhibit B

EXECUTION COPY

Participation Certificate No. R-1

# PARTICIPATION CERTIFICATE AND AGREEMENT

     A.    This Participation Certificate and Agreement (the "Certificate") evidences the herein-described divisible and pro rata interests of the undersigned **Evan R. Daniels**, Owner hereof (the "Owner") in the following (capitalized terms used but not defined herein having the meaning provided in the Loan Agreement, as herein defined):

     (a)    $100,000 of the total of the principal amount of the Promissory Note, dated as of June 13, 2003 (the "Note"), given by Trio Industries Management, LLC (the "Company") to Merit Capital Group, LLC ("Merit") in accordance with the Loan Agreement, dated as of June 13, 2004 (the "Loan Agreement") by and between the Company and Merit, and 100% of the interest payments with respect to such principal amount, payable as provided in the Note, and any late payments allocable thereto; and

     (b)    The collateral described in the Loan Agreement which secures the repayment of the Note by the Company (including, without limitation, the Guaranty Agreements and the Pledge Agreement). The Loan Agreement, the Note, the Escrow Instructions, the Pledge Agreement and the Guaranty Agreements are referred to herein collectively as the "Agreements."

     B.    THIS IS TO CERTIFY THAT Merit, in consideration of the sum of $100,000, the receipt of which is hereby acknowledged (the "Purchase Price"), hereby sells (a) a divisible pro rata participation interest to the Owner in (a) $100,000 of the total of principal amount of the Note, and 100% of the interest payments with respect to such principal amount, payable on the maturity date of the Note, plus all prepayment premiums and late payment fees or default interest with respect thereto (the "Participated Payments") excluding amounts payable to Merit for costs, expenses and other amounts payable directly to Merit under the Loan Agreements for reimbursement of costs of enforcing the Loan Agreement, except to the extent the Owner has contributed to such costs as herein provided, and excluding any ownership interest in the Company acquired at any time by Merit ("Reimbursement Payments"), and (b) an undivided proportionate interest in the rights and interests of Merit in the Agreements and any collateral pledged thereunder, to the extent such rights and interests pertain to the Reimbursement Payments (collectively, the "Participation Interest")

     Subject to the terms of the Agreements, the Owner is entitled to receive, on the Maturity Date of the Note, but solely from amounts paid by the Company pursuant to the Note and the Loan Agreement, or by the Guarantors pursuant to the Guaranty Agreements, the Participated Payments.



C. The Participated Payments are payable in lawful money of the United States of America which at the time of payment is legal tender for the payment of public and private debts. Participated Payments or portions thereof payable with respect to this Participation Interest are payable by the Company at the principal corporate office of Merit (said office being herein referred to as the "Principal Office"). The Participated Payments or portions thereof are payable, but solely to the extent of the receipt thereof by Merit from the Company, by wire transfer to the registered Owner, per Wire Transfer Instructions delivered to Merit by the Owner. The Owner shall be responsible for the payment of all wire transfer expenses.

D. Copies of the Agreements are on file at the Principal Office, and reference to the Agreements and any and all amendments thereto is made for a description of the obligation and covenants of the Company to pay amounts due under the Note, the obligation and covenants of the Guarantors under the Guaranty Agreements, the nature, extent and manner of enforcement of such obligations and covenants, and the rights and remedies of Merit with respect thereto. Merit hereby warrants to the Owner that on the occurrence of an Event of Default under the Loan Agreement, Merit will enforce Owner's rights and remedies under the Agreements as directed in writing by the Owners of a majority in principal amount of the unpaid principal amount payable under the Note. The Owner shall be responsible to indemnify Merit on written demand for a pro rata portion (based upon the unpaid principal amount payable under the Note) of the reasonable costs and expenses of Merit in exercising such remedies (the "Reimbursement").

E. This Participation Interest shall be transferable only upon surrender hereof to Merit, together with a written instrument of transfer reasonably satisfactory to Merit duly executed by the Owner or his or her duly authorized attorney. Upon the transfer and the surrender of this Certificate, Merit shall provide in the name of the transferee, a new Certificate or Certificates. The Participation Interest, as evidenced by this Participation Certificate, shall be freely transferable and assignable without charge or cost to the Owner or the transferee, and may be transferred and assigned in whole or in part to any party. All amounts due to and liabilities of Owner hereunder transferred by the Owner shall be transferred to such transferee as of the transfer.

F. The Note is subject to prepayment as provided therein. Merit shall provide prompt written notice to the Owner of each notice of prepayment received from the Company. Failure of the Owner to receive such notice or any defect in any notice shall not affect the sufficiency of the proceedings for the prepayment of Note.

G. Merit shall settle and pay all amounts due with respect to the Participation Interest to the Owner within two business days of Merit's receipt of any Participated Payments not constituting Reimbursement Payments by wire transfer to Owner as provided for in the Wire Transfer Instructions provided by the Owner. Merit shall have no right to setoff, reduce, defer or withhold any such Participated Payments or other amounts due Owner hereunder for any reason.

H. Merit has no obligation or liability to the Owner for the payment by the



Company of any Participated Payments; and Merit's sole obligations to Owner are to enforce Owner's rights and remedies under the Agreements.

I.   Owner and Merit each hereby represent as follows:

(a)   This Certificate is intended by Owner and Merit to create, and shall be construed to create, a complete assignment and sale to Owner of the Participation Interest and not an assignment as security for the performance of the obligation evidenced by any other document or any other indebtedness of Owner or Merit. Merit has no indebtedness to Owner.

(b)   It is the intent of Owner and Merit that upon payment by Owner of the Purchase Price, the Participation Interest shall no longer be property of Merit or property of any estate of Merit as defined by 11 U.S.C. section 541, and shall not constitute collateral, cash or otherwise property of Merit.

(c)   The term Participation Interest shall mean the gross Participation Interest without deduction or offset of any kind.

(d)   The consideration received by Merit for the Participation Interest is to be provided by Owner through the payment by Owner of the Purchase Price, and no provision exists whereby the consideration will be modified after the date of transfer.

(e)   Owner shall have the absolute right, power and authority to take any and all actions which Owner deems necessary or appropriate in connection with collecting all or any of the Participation Interest and enforcing the rights of Merit under the Agreements with respect to the Participation Interest.

(f)   Merit has made no sale or assignment except to Owner of any interest that it possesses in the Participation Interest sold hereunder.

(g)   The consideration to be paid hereunder for the Participation Interest is equivalent to the fair market value of the Participation Interest transferred to Owner.

(h).   Merit has valid business reasons for transferring the Participation Interest rather than obtaining a secured loan from the Owner to Merit with the Participation Interest as collateral.

(i)   Merit transferred the Participation Interest without any intent to hinder, delay, or defraud any current or future creditor of Merit.

(j)   Merit is not now insolvent, and did not believe, based upon its foreseeable obligation, that it was insolvent or would become insolvent as a result of the transfers herein described.



3

(k)     Merit was not engaged and is not about to engage in any business or transaction for which any property remaining with Merit was an unreasonably small capital or for which the remaining assets of Merit were unreasonably small in relation to the business of Owner or the transactions described in the Agreements.

(l)     Merit has not incurred, and Merit does not believe that it will incur, debts beyond its ability to pay as they become due.

(m)     The respective financial statements and tax filings of Owner and Merit will not disclose any treatment under generally accepted accounting principles or otherwise that Merit did not transfer and sell ownership of the Participation Interest to Owner.

(n)     If a third party, including a potential purchaser of the Participation Interest, should inquire, Owner and Merit will promptly indicate that ownership of the Participation Interest was transferred to Owner upon payment of the Purchase Price.

J.     In the event Merit is in breach of any term of this Certificate which breach remains uncured to the reasonable satisfaction of Owner for more than ten (10) business days from Merit's receipt of written notice thereof, Owner shall have any and all rights and remedies available at law with respect to such breach. Merit shall be responsible for the payment of any and all costs and expenses incurred by Owner in enforcing the obligations of Merit hereunder. All amounts due and owing hereunder to Owner or to Merit which is not paid within three (3) business days of its due date (or as to any expenses and costs payable by Owner to Merit, within thirty (30) days of any invoice due date) shall bear interest at the then existing rate on the Note.

K.     IN CONNECTION WITH THE PURCHASE OF THIS PARTICIPATION CERTIFICATE, THE OWNER, BY ACCEPTANCE HEREOF, REPRESENTS THAT IT IS MAKING THE ACQUISITION FOR INVESTMENT PURPOSES ONLY AND WITHOUT A PRESENT INTENT TO RESELL THIS CERTIFICATE.

THE OWNER OF THIS CERTIFICATE AGREES THAT (A) THIS CERTIFICATE MAY BE RESOLD, PLEDGED OR OTHERWISE TRANSFERRED, ONLY TO A PERSON WHO THE OWNER REASONABLY BELIEVES IS A QUALIFIED INSTITUTIONAL BUYER (AS DEFINED IN RULE 144A UNDER THE SECURITIES ACT OF 1933, AS AMENDED) IN A TRANSACTION MEETING THE REQUIREMENTS OF RULE 144A AND ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER APPLICABLE JURISDICTION, AND (B) THE OWNER WILL, AND EACH SUBSEQUENT OWNER IS REQUIRED TO, NOTIFY ANY PURCHASERS FROM THEM OF THE CERTIFICATE EVIDENCED HEREBY OF THE RESALE RESTRICTIONS SET FORTH IN (A) ABOVE.

The Owner has sufficient knowledge and experience in business and financial matters in general, and investments such as the Certificate in particular, to enable the Owner to evaluate the risks involved in an investment in the Merit Loan.

The Owner has received and carefully reviewed the Agreements and such other documents, opinions and certificates as the Owner deems necessary to evaluate the risks associated with purchasing the Certificate. The Owner is not relying on information provided or statements made by the Merit or its counsel in making the investment decision represented by the purchase of the Certificate.

The Owner has received all information with respect to the Company and the Guarantors that the Owner has requested, and, to the knowledge of Owner, has received all information necessary for the Owner to evaluate the merits and risks of purchasing the Certificate.

The Owner confirms that its investment in the Certificate constitutes an investment that is suitable for and consistent with its investment program, and that the Owner is able to bear the economic risk of an investment in the Certificate, including a complete loss of such investment.

The Owner is purchasing the Certificate solely for its own account for investment purposes only, and not with a view to, or in connection with, any distribution, resale, pledging, fractionalization, subdivision or other disposition thereof (subject to the understanding that disposition of Owner's property will remain at all times within its control).

L. This Participation Certificate shall be governed by, and construed in accordance with, the laws of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such law. Any action or proceeding brought in order to enforce any right or remedy under this Agreement shall be brought in the courts of the State of New York or in any Federal court in the State of New York.

M. All notices required or permitted hereunder shall be in writing and shall be delivered in person or sent by certified or registered mail, return receipt requested, postage prepaid, or express mail service, to each party at its last known address or such other party and/or address as any of such parties may designate in a written notice served upon the other parties in the manner provided herein. All notices required or permitted hereunder shall be deemed duly given and received on the date of delivery if delivered in person or received via express mail service or on the second day next succeeding the date of mailing if sent by certified or registered mail.

N. This Participation Certificate shall be binding upon, and shall inure to the benefit of, the successors and assigns of the parties.



5

O.     Unless the context so requires, all periods terminating on a given day, period of days or date shall terminate on the close of business on that day or date and if Merit is not open for business on such day or date, on the next succeeding day or date on which Merit is so open for business.

P.     In the event that any of the provisions, or portions thereof, of this Participation Certificate is held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions or portions thereof, shall not be affected thereby.

Q.     In the event that any party shall bring an action in connection with the performance, breach or interpretation hereof, then the prevailing party in such action as determined by the court or other body having jurisdiction shall be entitled to recover from the losing party in such action, as determined by the court or other body having jurisdiction, all reasonable costs and expenses of litigation or arbitration, including reasonable attorneys' fees, court costs, costs of investigation and other costs reasonably related to such proceeding, in such amounts as may be determined in the discretion of the court or other body having jurisdiction.

R.     This Participation Certificate constitutes the entire agreement of the parties with respect to matters herein specified and shall not be amended, waived or supplemented except in writing signed by the parties hereto.

6



IN WITNESS WHEREOF, this Certificate has been executed by the manual signature of Merit, and accepted by the Owner, all as of the date set forth below.

Dated: June 13, 2003

MERIT CAPITAL GROUP, LLC

By: _____
Title: _____

EVAN R. DANIELS
Owner

_____

7

IN WITNESS WHEREOF, this Certificate has been executed by the manual signature of Merit, and accepted by the Owner, all as of the date set forth below.

Dated: June 8, 2003

MERIT CAPITAL GROUP, LLC

By:_____
Title:_____

EVAN R. DANIELS
Owner

_____

7

(FORM OF ASSIGNMENT)

FOR VALUE RECEIVED, _____ the undersigned hereby sells, assigns and transfers unto


PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS OF ASSIGNEE


TAX IDENTIFICATION OR SOCIAL SECURITY NO.

the within Certificate and all rights thereunder, and hereby irrevocably constitutes and appoints _____ attorney to transfer the within Certificate, with full power of substitution in the premises.


Dated:_____


By:_____

NOTICE: The signature to this assignment must correspond with the name as it appears upon the face of the within Certificate in every particular, without alteration or enlargement or any change whatever.



8

**EXECUTION COPY**

Participation Certificate No. R-3

# PARTICIPATION CERTIFICATE AND AGREEMENT

A. This Participation Certificate and Agreement (the "Certificate") evidences the herein-described divisible and pro rata interests of the undersigned **Robert E. Gyemant**, Owner hereof (the "Owner") in the following (capitalized terms used but not defined herein having the meaning provided in the Loan Agreement, as herein defined):

(a) $10,720.81 of the total of the principal amount of the Promissory Note, dated as of June 13, 2003 (the "Note"), given by Trio Industries Management, LLC (the "Company") to Merit Capital Group, LLC ("Merit") in accordance with the Loan Agreement, dated as of June 13, 2004 (the "Loan Agreement") by and between the Company and Merit, and 100% of the interest payments with respect to such principal amount, payable as provided in the Note, and any late payments allocable thereto; and

(b) The collateral described in the Loan Agreement which secures the repayment of the Note by the Company (including, without limitation, the Guaranty Agreements and the Pledge Agreement). The Loan Agreement, the Note, the Escrow Instructions, the Pledge Agreement and the Guaranty Agreements are referred to herein collectively as the "Agreements."

B. THIS IS TO CERTIFY THAT Merit, in consideration of the sum of $10,720.81, the receipt of which is hereby acknowledged (the "Purchase Price"), hereby sells (a) a divisible pro rata participation interest to the Owner in (a) $10,720.81 of the total of principal amount of the Note, and 100% of the interest payments with respect to such principal amount, payable on the maturity date of the Note, plus all prepayment premiums and late payment fees or default interest with respect thereto (the "Participated Payments") excluding amounts payable to Merit for costs, expenses and other amounts payable directly to Merit under the Loan Agreements for reimbursement of costs of enforcing the Loan Agreement, except to the extent the Owner has contributed to such costs as herein provided, and excluding any ownership interest in the Company acquired at any time by Merit ("Reimbursement Payments"), and (b) an undivided proportionate interest in the rights and interests of Merit in the Agreements and any collateral pledged thereunder, to the extent such rights and interests pertain to the Reimbursement Payments (collectively, the "Participation Interest")

Subject to the terms of the Agreements, the Owner is entitled to receive, on the Maturity Date of the Note, but solely from amounts paid by the Company pursuant to the Note and the Loan Agreement, or by the Guarantors pursuant to the Guaranty Agreements, the Participated Payments.

EXECUTION COPY

Participation Certificate No. R-4

# PARTICIPATION CERTIFICATE AND AGREEMENT

    A.    This Participation Certificate and Agreement (the "Certificate") evidences the herein-described divisible and pro rata interests of the undersigned **Evan R. Daniels**, Owner hereof (the "Owner") in the following (capitalized terms used but not defined herein having the meaning provided in the Loan Agreement, as herein defined):

    (a)    $40,000 of the total of the principal amount of the Promissory Note, dated as of June 13, 2003 (the "Note"), given by Trio Industries Management, LLC (the "Company") to Merit Capital Group, LLC ("Merit") in accordance with the Loan Agreement, dated as of June 13, 2004 (the "Loan Agreement") by and between the Company and Merit, and 100% of the interest payments with respect to such principal amount, payable as provided in the Note, and any late payments allocable thereto; and

    (b)    The collateral described in the Loan Agreement which secures the repayment of the Note by the Company (including, without limitation, the Guaranty Agreements and the Pledge Agreement). The Loan Agreement, the Note, the Escrow Instructions, the Pledge Agreement and the Guaranty Agreements are referred to herein collectively as the "Agreements."

    B.    THIS IS TO CERTIFY THAT Merit, in consideration of the sum of $40,000, the receipt of which is hereby acknowledged (the "Purchase Price"), hereby sells (a) a divisible pro rata participation interest to the Owner in (a) $40,000 of the total of principal amount of the Note, and 100% of the interest payments with respect to such principal amount, payable on the maturity date of the Note, plus all prepayment premiums and late payment fees or default interest with respect thereto (the "Participated Payments") excluding amounts payable to Merit for costs, expenses and other amounts payable directly to Merit under the Loan Agreements for reimbursement of costs of enforcing the Loan Agreement, except to the extent the Owner has contributed to such costs as herein provided, and excluding any ownership interest in the Company acquired at any time by Merit ("Reimbursement Payments"), and (b) an undivided proportionate interest in the rights and interests of Merit in the Agreements and any collateral pledged thereunder, to the extent such rights and interests pertain to the Reimbursement Payments (collectively, the "Participation Interest")

    Subject to the terms of the Agreements, the Owner is entitled to receive, on the Maturity Date of the Note, but solely from amounts paid by the Company pursuant to the Note and the Loan Agreement, or by the Guarantors pursuant to the Guaranty Agreements, the Participated Payments.

**EXECUTION COPY**

Participation Certificate No. R-7

# PARTICIPATION CERTIFICATE AND AGREEMENT

A.  This Participation Certificate and Agreement (the "Certificate") evidences the herein-described divisible and pro rata interests of the undersigned **Robert E. Gyemant**, Owner hereof (the "Owner") in the following (capitalized terms used but not defined herein having the meaning provided in the Loan Agreement, as herein defined):

(a)  $10,000.00 of the total of the principal amount of the Promissory Note, dated as of June 13, 2003 (the "Note"), given by Trio Industries Management, LLC (the "Company") to Merit Capital Group, LLC ("Merit") in accordance with the Loan Agreement, dated as of June 13, 2004 (the "Loan Agreement") by and between the Company and Merit, and 100% of the interest payments with respect to such principal amount, payable as provided in the Note, and any late payments allocable thereto; and

(b)  The collateral described in the Loan Agreement which secures the repayment of the Note by the Company (including, without limitation, the Guaranty Agreements and the Pledge Agreement). The Loan Agreement, the Note, the Escrow Instructions, the Pledge Agreement and the Guaranty Agreements are referred to herein collectively as the "Agreements."

B.  THIS IS TO CERTIFY THAT Merit, in consideration of the sum of $10,000.00, the receipt of which is hereby acknowledged (the "Purchase Price"), hereby sells (a) a divisible pro rata participation interest to the Owner in (a) $10,000.00 of the total of principal amount of the Note, and 100% of the interest payments with respect to such principal amount, payable on the maturity date of the Note, plus all prepayment premiums and late payment fees or default interest with respect thereto (the "Participated Payments") excluding amounts payable to Merit for costs, expenses and other amounts payable directly to Merit under the Loan Agreements for reimbursement of costs of enforcing the Loan Agreement, except to the extent the Owner has contributed to such costs as herein provided, and excluding any ownership interest in the Company acquired at any time by Merit ("Reimbursement Payments"), and (b) an undivided proportionate interest in the rights and interests of Merit in the Agreements and any collateral pledged thereunder, to the extent such rights and interests pertain to the Reimbursement Payments (collectively, the "Participation Interest")

Subject to the terms of the Agreements, the Owner is entitled to receive, on the Maturity Date of the Note, but solely from amounts paid by the Company pursuant to the Note and the Loan Agreement, or by the Guarantors pursuant to the Guaranty Agreements, the Participated Payments.

EXECUTION COPY

Participation Certificate No. R-9

# PARTICIPATION CERTIFICATE AND AGREEMENT

A.     This Participation Certificate and Agreement (the "Certificate") evidences the herein-described divisible and pro rata interests of the undersigned **Robert E. Gyemant**, Owner hereof (the "Owner") in the following (capitalized terms used but not defined herein having the meaning provided in the Loan Agreement, as herein defined):

(a)     $10,000.00 of the total of the principal amount of the Promissory Note, dated as of June 13, 2003 (the "Note"), given by Trio Industries Management, LLC (the "Company") to Merit Capital Group, LLC ("Merit") in accordance with the Loan Agreement, dated as of June 13, 2004 (the "Loan Agreement") by and between the Company and Merit, and 100% of the interest payments with respect to such principal amount, payable from the date hereof as provided in the Note, and any late payments allocable thereto; and

(b)     The collateral described in the Loan Agreement which secures the repayment of the Note by the Company (including, without limitation, the Guaranty Agreements and the Pledge Agreement). The Loan Agreement, the Note, the Escrow Instructions, the Pledge Agreement and the Guaranty Agreements are referred to herein collectively as the "Agreements."

B.     THIS IS TO CERTIFY THAT Merit, in consideration of the sum of $10,000.00, the receipt of which is hereby acknowledged (the "Purchase Price"), hereby sells (a) a divisible pro rata participation interest to the Owner in (a) $10,000.00 of the total of principal amount of the Note, and 100% of the interest payments with respect to such principal amount, payable on the maturity date of the Note, plus all prepayment premiums and late payment fees or default interest with respect thereto (the "Participated Payments") excluding amounts payable to Merit for costs, expenses and other amounts payable directly to Merit under the Loan Agreements for reimbursement of costs of enforcing the Loan Agreement, except to the extent the Owner has contributed to such costs as herein provided, and excluding any ownership interest in the Company acquired at any time by Merit ("Reimbursement Payments"), and (b) an undivided proportionate interest in the rights and interests of Merit in the Agreements and any collateral pledged thereunder, to the extent such rights and interests pertain to the Reimbursement Payments (collectively, the "Participation Interest")

Subject to the terms of the Agreements, the Owner is entitled to receive, on the Maturity Date of the Note, but solely from amounts paid by the Company pursuant to the Note and the Loan Agreement, or by the Guarantors pursuant to the Guaranty Agreements, the Participated Payments.