UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MERIT CAPITAL GROUP, LLC,

                    Plaintiff,

      -against-

TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                    Defendants.
------------------------------------------------------------X

TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,

                    Third Party Plaintiffs,

      -against-

HARVEY M. BLOCH, ALFRED SALAZAR
and THOMAS J. MANCUSO,

                  Third Party Defendants.
------------------------------------------------------------X

**PLAINTIFFS' REPLY
TO COUNTERCLAIMS**

Case No. 04 Civ. 7690 (RCC)

      Plaintiff, Merit Capital Group, LLC, by its attorneys, Gersten, Savage, Kaplowitz, Wolf & Marcus, LLP, for its reply to the counterclaims filed by Trio Industries Management, LLC and Trio Industries Holdings, LLC ("counterclaimants"), states as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

4. Denies the allegations set forth in paragraph 49.

5. Denies the allegations set forth in paragraph 50.

6. Admits the allegations set forth in paragraph 51.

7. Admits the allegations set forth in paragraph 52.

8. Admits the allegations set forth in paragraph 53.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

10. Admits the allegations set forth in paragraph 55.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

12. Admits the allegations set forth in paragraph 57.

13. Denies the allegations set forth in paragraph 58.

14. Denies the allegations set forth in paragraph 59.

15. Denies the allegations set forth in paragraph 60.

16. Denies the allegations set forth in paragraph 61.

17. Denies the allegations set forth in paragraph 62.

18. Denies the allegations set forth in paragraph 63.

19. Denies the allegations set forth in paragraph 64.

20. Denies the allegations set forth in paragraph 65.

21. Denies the allegations set forth in paragraph 66.

22. Denies the allegations set forth in paragraph 67.

23. Denies the allegations set forth in paragraph 68.

24. Denies the allegations set forth in paragraph 69.

25. Denies the allegations set forth in paragraph 70.

26. Denies the allegations set forth in paragraph 71.

27. Denies the allegations set forth in paragraph 72.

28. Denies the allegations set forth in paragraph 73.

29. Denies the allegations set forth in paragraph 74.

30. Denies the allegations set forth in paragraph 75.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76.

32. Denies the allegations set forth in paragraph 77.

33. Denies the allegations set forth in paragraph 78.

34. Denies the allegations set forth in paragraph 79.

35. Denies the allegations set forth in paragraph 80.

36. Denies the allegations set forth in paragraph 81.

37. With respect to the allegations set forth in paragraph 82, plaintiff repeats and realleges the applicable prior responses as though fully set forth herein.

38. Denies the allegations set forth in paragraph 83.

39. Denies the allegations set forth in paragraph 84.

40. Denies the allegations set forth in paragraph 85.

41. Denies the allegations set forth in paragraph 86.

42. With respect to the allegations set forth in paragraph 87, plaintiff repeats and realleges the applicable prior responses as though fully set forth herein.

43. Denies the allegations set forth in paragraph 88.

44. Denies the allegations set forth in paragraph 89.

45. Denies the allegations set forth in paragraph 90.

46. Denies the allegations set forth in paragraph 91.

47. Denies the allegations set forth in paragraph 92.

48. With respect to the allegations set forth in paragraph 93, plaintiff repeats and realleges the applicable prior responses as though fully set forth herein.

49. Denies the allegations set forth in paragraph 94.

50. Denies the allegations set forth in paragraph 95.

51. With respect to the allegations set forth in paragraph 96, plaintiff repeats and realleges the applicable prior responses as though fully set forth herein.

52. Denies the allegations set forth in paragraph 97.

53. Denies the allegations set forth in paragraph 98.

54. No response is required to the allegations set forth in paragraphs 99 to 123 since those allegations are not directed to plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

54. Counterclaimants' allegations fail to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

55. Plaintiff has not breached any contractual or other obligations purportedly owed to counterclaimants.

### Third Affirmative Defense

56. Counterclaimants' allegations lack the requisite particularity.

### Fourth Affirmative Defense

57. Counterclaimants' claims are barred by virtue of the doctrines of waiver, ratification and laches.

### Fifth Affirmative Defense

58. Counterclaimants failed to assert their claim for rescission in a timely fashion.

### Sixth Affirmative Defense

59. The written agreements entered into between plaintiff and counterclaimants express all the parties' understandings and intents, and thus counterclaimants' claims are barred by virtue of the parol evidence rule.

### Seventh Affirmative Defense

60. Counterclaimants have suffered no damages attributable to plaintiff.

WHEREFORE, plaintiff respectfully requests that the Court dismiss counterclaimants' counterclaims with prejudice and award plaintiff the costs and disbursements incurred in defending the counterclaims, including reasonable attorneys' fees, together with such other and further relief as the Court may deem just and proper.

Dated: November 30, 2004

> GERSTEN, SAVAGE, KAPLOWITZ,
> WOLF & MARCUS, LLP
> Attorneys for Plaintiff
>
> By: *Marc Rosen*
> Marc R. Rosen (MR-9844)
> 101 East 52nd Street
> New York, New York 10022
> (212) 752-9700