UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MERIT CAPITAL GROUP, LLC,

                Plaintiff,

    -against-

TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                Defendants.
-----------------------------------------------------------------X
TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC,

                Third Party Plaintiffs,

    -against-

HARVEY M. BLOCH, ALFRED SALAZAR
and THOMAS J. MANCUSO,

                Third Party Defendants.
-----------------------------------------------------------------X

**ANSWER TO THIRD-PARTY COMPLAINT**

Case No. 04 Civ. 7690 (RCC)

       Third-party defendants Harvey M. Bloch and Alfred Salazar ("third-party defendants"), by their attorneys, Gersten, Savage, Kaplowitz, Wolf & Marcus, LLP, for their answer to the third-party complaint filed by Trio Industries Management, LLC and Trio Industries Holdings, LLC ("third-party plaintiffs"), state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

4. Deny the allegations set forth in paragraph 49.

5. Deny the allegations set forth in paragraph 50.

6. Admit the allegations set forth in paragraph 51.

7. Admit the allegations set forth in paragraph 52.

8. Admit the allegations set forth in paragraph 53.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

10. Deny the allegations set forth in paragraph 55.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

12. Admit the allegations set forth in paragraph 57.

13. Deny the allegations set forth in paragraph 58.

14. Deny the allegations set forth in paragraph 59.

15. Deny the allegations set forth in paragraph 60.

16. Deny the allegations set forth in paragraph 61.

17. Deny the allegations set forth in paragraph 62.

18. Deny the allegations set forth in paragraph 63.

19. Deny the allegations set forth in paragraph 64.

20. Deny the allegations set forth in paragraph 65.

21. Deny the allegations set forth in paragraph 66.

22. Deny the allegations set forth in paragraph 67.

23. Deny the allegations set forth in paragraph 68.

24. Deny the allegations set forth in paragraph 69.

25. Deny the allegations set forth in paragraph 70.

26. Deny the allegations set forth in paragraph 71.

27. Deny the allegations set forth in paragraph 72.

28. Deny the allegations set forth in paragraph 73.

29. Deny the allegations set forth in paragraph 74.

30. Deny the allegations set forth in paragraph 75.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76.

32. Deny the allegations set forth in paragraph 77.

33. Deny the allegations set forth in paragraph 78.

34. Deny the allegations set forth in paragraph 79.

35. Deny the allegations set forth in paragraph 80.

36. Deny the allegations set forth in paragraph 81.

37. No response is required to the allegations set forth in paragraphs 82 to 98 since those allegations are not directed to third-party defendants.

38. With respect to the allegations set forth in paragraph 99, third-party defendants repeat and reallege the applicable prior responses as though fully set forth herein.

39. Deny the allegations set forth in paragraph 100.

40. Deny the allegations set forth in paragraph 101.

41. Deny the allegations set forth in paragraph 102.

42. Deny the allegations set forth in paragraph 103.

43. Deny the allegations set forth in paragraph 104.

44. With respect to the allegations set forth in paragraph 105, third-party defendants repeat and reallege the applicable prior responses as though fully set forth herein.

45. Deny the allegations set forth in paragraph 106.

46. Deny the allegations set forth in paragraph 107.

47. Deny the allegations set forth in paragraph 108.

48. Deny the allegations set forth in paragraph 109.

49. With respect to the allegations set forth in paragraph 110, third-party defendants repeat and reallege the applicable prior responses as though fully set forth herein.

50. Deny the allegations set forth in paragraph 111.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112.

52. Deny the allegations set forth in paragraph 113.

53. Deny the allegations set forth in paragraph 114.

54. No response is required to the allegations set forth in paragraphs 115 to 123 since those allegations are not directed to third-party defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

55. Third-party plaintiffs' allegations fail to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

56. Third-party defendants were not a party to any agreement with third-party plaintiffs.

### Third Affirmative Defense

57. Third-party defendants have not breached any contractual or other obligations purportedly owed to third-party plaintiffs.

### Fourth Affirmative Defense

58. Third-party plaintiffs' allegations lack the requisite particularity.

### Fifth Affirmative Defense

59. Third-party plaintiffs' claims are barred by virtue of the doctrines of waiver, ratification and laches.

### Sixth Affirmative Defense

60. Third-party plaintiffs failed to assert their claim for rescission in a timely fashion.

### Seventh Affirmative Defense

61. Third-party plaintiffs' understandings and intents are all reflected in third-party plaintiffs' agreements with Merit Capital Group, LLC, and thus third-party plaintiffs' claims are barred by virtue of the parol evidence rule.

<u>Eighth Affirmative Defense</u>

62. Third-party plaintiffs have suffered no damages attributable to third-party defendants.

<u>Ninth Affirmative Defense</u>

63. Third-party plaintiffs' claims are barred by virtue of improper service.

WHEREFORE, third-party defendants respectfully request that the Court dismiss third-party plaintiffs' complaint with prejudice and award third-party defendants the costs and disbursements incurred in defending the third-party claims, including reasonable attorneys' fees, together with such other and further relief as the Court may deem just and proper.

Dated: November 30, 2004

        GERSTEN, SAVAGE, KAPLOWITZ,
        WOLF & MARCUS, LLP
        Attorneys for Third-Party Defendants
        Harvey M. Bloch and Alfred Salazar

        By: _/s/ Marc Rosen_____
           Marc R. Rosen (MR-9844)
        101 East 52nd Street
        New York, New York 10022
        (212) 752-9700