UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERIT CAPITAL GROUP, LLC,

        **Plaintiff,**

- against -

TRIO INDUSTRIES MANAGEMENT, LLC, TRIO
INDUSTRIES HOLDINGS, LLC, EVAN R. DANIELS,
and ROBERT E. GYEMANT,

        **Defendants.**

04 Civ. 7690 (RCC)

**MEMORANDUM & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-10-05

**RICHARD CONWAY CASEY, United States District Court Judge:**

Merit Capital Group, LLC ("Plaintiff") moves for a preliminary injunction against Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels, and Robert E. Gyemant ("Defendants"). For the following reasons, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff alleges that Trio Industries Management, LLC ("Trio Industries Management") borrowed in excess of $700,000 from Plaintiff as part of various lending agreements in 2003, yet has refused to repay the money. (Complaint ¶¶ 1, 9-11, 16.) Plaintiff alleges that Trio Industries Holdings, LLC ("Trio Industries Holdings"), a subsidiary of Trio Industries Management that researches and develops powder coating on wood substitutes, and Evan R. Daniels ("Daniels") and Robert E. Gyemant ("Gyemant"), owners of Trio Industries Management, individually guaranteed the underlying debt but have likewise refused to repay the money. (Id. ¶¶ 1, 12, 14.) Additionally, Plaintiff alleges that Trio Industries Management pledged all right, title, and interest in Trio Industries Holdings to Plaintiff to induce Plaintiff to enter into the lending transaction, but has

refused to convey its interest in Trio Industries Holdings to Plaintiff. (Id. ¶¶ 1, 13, 14.)

Plaintiff argues that, under a pledge agreement dated June 13, 2004 and in light of Defendants' purported default under other loan and related agreements, it now has a 70% ownership interest in Trio Industries Holdings and the right to immediately foreclose on that interest. (Id. ¶ 13; Aff. Harvey Bloch in Support of Motion for Preliminary Injunction, Sept. 23, 2004 ("Bloch Aff.") ¶¶ 12, 17.) Plaintiff argues that Trio Industries Management has been improperly holding themselves out as the rightful controlling owner of Trio Industries Holdings, "dissipating the company's assets and impairing the membership interests in Trio Industries Holdings" to Plaintiff's detriment. (Complaint ¶¶ 1, 20.) Plaintiff moves for a preliminary injunction in accordance with Federal Rule of Civil Procedure 65—seeking to enjoin Defendants and their agents (1) from transferring or encumbering any membership interests in Trio Industries Holdings or any assets of the company and (2) from managing, operating, or otherwise engaging in the day-to-day business of Trio Industries Holdings—pending final adjudication of this action.

Defendants allege, however, that Plaintiff never provided any direct funding to Trio Industries Holdings or Trio Industries Management; that Plaintiff procured only $83,333.33 from a sole third-party investor, which sum Defendants offered to repay; that the remaining $545,720.81 of the $739,054.14 sought by Plaintiff was invested by Daniels and Gyemant or participants that they recruited themselves; and that the loan documents in question were obtained by Plaintiff fraudulently. (Memorandum in Opposition to Motion for Preliminary Injunction ("Opposition") at 2-3, 7; Aff. Evan R. Daniels in Opposition to Motion for Preliminary Injunction, Nov. 5, 2004, ¶¶ 2, 13-18; Aff. Steven G. Mintz in Opposition to Motion for Preliminary Injunction, Nov. 10, 2004, ¶¶ 3-15.) Defendants characterize Plaintiff's motion as a "cynical attempt to leverage a relatively

small investment into a back-door takeover of defendant's business enterprise through the use of judicial process." (Opposition at 10.)

## II.   DISCUSSION

To secure preliminary injunctive relief in this Court, Plaintiff must demonstrate (1) that irreparable harm is likely absent an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation plus a balance of hardships tipping decidedly in Plaintiff's favor.  See Mony Group, Inc. v. Highfields Capital Management, L.P., 368 F.3d 138, 143 (2d Cir. 2004); Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 108 (2d Cir. 2003); Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002).  A moving party must demonstrate that irreparable injury—the most important prerequisite for the issuance of a preliminary injunction—is likely before any other requirement for the issuance of an injunction may be considered.  Kamerling, 295 F.3d at 214; Rodriguez ex rel. Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999) ("In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied.").

Plaintiff falls short of the showing of irreparable harm required for preliminary injunctive relief.  The Second Circuit has defined "irreparable harm" as "certain and imminent harm for which a monetary award does not adequately compensate," noting that "only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief." Wisdom Import Sales, 339 F.3d at 113-14; see also Kamerling, 295 F.3d at 214 ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)); Brenntag Int'l Chemicals, Inc. v.

Bank of India, 175 F.3d 245, 249 (2d Cir. 1999) (noting that the likelihood of monetary injury usually does not constitute irreparable harm because such injury can be estimated and compensated, rendering a preliminary injunction to preserve the status quo unnecessary).  As a result, not all bargained-for contractual provisions provide a basis for injunctive relief.  Wisdom Import Sales, 339 F.3d at 114 (noting that if they did, "such a broad holding would eviscerate the essential distinction between compensable and non-compensable harm").  Further, any claim of irreparable harm must be shown by the moving party to be imminent and actual, grounded on more than conjecture or unsubstantiated fears of what the future may bring.  See Kamerling, 295 F.3d at 214; Rodriguez, 175 F.3d at 234.

It is apparent even from Plaintiff's complaint, which primarily seeks monetary relief in the form of repayment of Defendants' purported debt, that any potential harm in this action is readily quantifiable and compensable with monetary damages at the conclusion of this action.  (See Complaint ¶¶ 21-26.)  Further, although Plaintiff alleges that Defendants "very well may soon transfer, dispose of or impair the membership interests and assets of Trio Industries Holdings" to Plaintiff's detriment and that Plaintiff "will be irreversibly harmed without the requested injunctive relief" because Defendants "have unfettered control over the day-to-day business of Trio Industries Holdings," placing the company "in great jeopardy while defendants remain at the helm," Plaintiff fails to provide any specific information in support of the argument that Defendants have or will transfer, encumber, or otherwise endanger any interests in or assets of Trio Industries Holdings while this action is pending. (See Bloch Aff. ¶¶ 4, 21-23.)  The Court will not grant preliminary injunctive relief based only on Plaintiff's speculative and unsubstantiated assertions, which fail to specifically indicate to the Court why or how Trio Industries Holdings, its assets, or its membership interests are

in imminent and actual danger. Accordingly, Plaintiff has not adequately demonstrated that irreparable harm is likely absent a preliminary injunction, and preliminary injunctive relief is not warranted.

### III. CONCLUSION

In the absence of a showing of irreparable harm, Plaintiff's motion for a preliminary injunction is **DENIED**.

**So Ordered:** New York, New York
January 7, 2005

_____
Richard Conway Casey, U.S.D.J.