# GERSTEN, SAVAGE, KAPLOWITZ, WOLF & MARCUS, LLP

600 LEXINGTON AVENUE
NEW YORK, N.Y. 10022-6018
TELEPHONE: (212) 752-9700
FAX: (212) 980-5192
info@gskny.com
www.gskny.com



## MEMO ENDORSED

December 17, 2004

VIA HAND DELIVERY
The Honorable Richard Conway Casey
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    Merit Capital Group, LLC v. Trio Industries Management, LLC, et al.
             Case No. 04 CIV 7690 (RCC)

Dear Judge Casey:

      My firm represents plaintiff Merit Capital Group, LLC and third-party defendants Harvey Bloch and Alfred Salazar. I write to respectfully request that plaintiff be permitted to file supplemental motion papers in further support of its pending motion for a preliminary injunction, and that oral argument be scheduled to address this supplemental briefing. The basis for this request is that plaintiff has just obtained crucial, newly-discovered evidence – defendants are presently circulating an offering memorandum establishing that they are selling away plaintiff's ownership interests and dissipating assets rightfully belonging to plaintiff, as well as committing securities fraud.

      This action arises from defendants' default under a loan agreement, several loan guarantees and related agreements, pursuant to which plaintiff is entitled "to immediately and without notice foreclose" on 70% of the membership interests in the corporate defendant, Trio Industries Holdings. As set forth in plaintiff's previously filed reply papers, defendants acknowledged in a letter dated March 3, 2004, that "Trio Industries and each of the Guarantors with respect to the Merit Loan are fully aware of the obligations set forth in the documents executed with respect to the Loan, and are committed to discharging those obligations in strict compliance with the terms of those documents. . . ." Based on defendants' admitted default, plaintiff is now the true majority owner of Trio Industries Holdings.

GERSTEN, SAVAGE, KAPLOWITZ, WOLF & MARCUS, LLP

The Honorable Richard Conway Casey
December 17, 2004
Page Two

    Plaintiff recently filed a motion for a preliminary injunction, seeking an order prohibiting defendants from, among other things, transferring, conveying, selling, assigning, encumbering, hypothecating, dissipating and/or impairing the value of any membership interests in Trio Industries Holdings and any assets or other property belonging to or held for the benefit of Trio Industries Holdings, pending final adjudication of this action; and from taking or carrying out any actions on behalf of Trio Industries Holdings – with an independent receiver appointed to manage the day-to-day operations of the company, if necessary – during the pendency of this litigation. Plaintiff's motion is currently pending.

    Plaintiff and third-party defendants have now learned important information highly relevant to the pending motion. My clients have just received a business financing memorandum being circulated by defendants to potential investors, who are being solicited to invest in Trio Industries. This document, a copy of which is enclosed, is critical in four material respects:

- The memorandum states on page 1 that the corporate defendant is preparing to merge, or already has merged, with a public company called Temple-Inland, Inc., and is on the verge of paying Temple-Inland the sum of "$50 million" – "$40 million of cash and $10 million of seller notes." Defendants are about to transfer an exorbitant amount of assets belonging to the corporate defendant as well as assume millions of dollars in debt.

- Defendants are presently distributing this memorandum as part of their efforts to raise financing for the company, which will require them to transfer ownership interests in Trio Industries to new investors. The continued transfer of these interests serves only to dilute, and sell away, plaintiff's rightful ownership interests in the company.

- The memorandum claims on page 4 that "[s]enior management of Trio owns 77.2% of Trio's common equity." This statement, however, flies in the face of the Affidavit of Evan R. Daniels (¶¶ 1, 5), submitted in opposition to plaintiff's motion for a preliminary injunction, wherein Mr. Daniels, a defendant, misrepresents that he and co-defendant Robert Gyemant own 100% of the membership interests of the company. Evidently, defendants have sold or transferred 22.8% of the company to undisclosed third-party investors, and it can be expected that they will continue to make further transfers in derogation of plaintiff's interest.

- Defendants' memorandum, currently being circulated, completely fails to mention the existence of this lawsuit and plaintiff's asserted ownership rights in Trio Industries. Defendants' purposeful omission represents fraud and a violation of federal securities laws, including Rule 10b-5. Knowing that no reasonable party would invest in a business where the true ownership of the company is actively being litigated, defendants are deceiving the general public in a concerted effort to not only raise financing but to transfer ownership interests rightfully belonging to plaintiff.

GERSTEN, SAVAGE, KAPLOWITZ, WOLF & MARCUS, LLP

The Honorable Richard Conway Casey
December 17, 2004
Page Three

    The foregoing demonstrates that defendants are improperly endeavoring to transfer millions of dollars in company assets, that they are diluting – if not selling away – plaintiff's ownership interests in the company, and that they have concealed to potential investors the existence of this litigation and its consequences. At this rate, by the end of this action, the company's assets will be dissipated and the value of plaintiff's ownership interests will be diluted if not entirely eviscerated. These injuries are irreversible and cannot be compensated by money damages. Plaintiff's motion for injunctive relief was filed in order to protect against the very harm defendants are now in the process of committing today.

    For these reasons, plaintiff respectfully requests that it be permitted to file supplemental briefing on the limited issue raised in this letter, and that oral argument be scheduled to address the impact of this newly-discovered evidence upon the pending motion.

    Your Honor's attention and consideration of this matter is greatly appreciated.

                                          Respectfully submitted,

                                          *Marc Rosen*

                                          Marc R. Rosen
                                          (MR-9844)

MRR/nw (w/encl.)

cc: Steven G. Mintz, Esq. (via hand delivery)

---

*Handwritten order:*

Application to file supplemental briefing is denied. Business financing memo at issue relates to "Trio Industries Group, Inc." (not a defendant in this action, i.e., not the same Company as defendant "Trio Industries Management, LLC" or defendant "Trio Industries Holdings, LLC")

So ordered.

*Richard Casey*

January 5, 2005



ECF
Docket
and
File

as attachment/
response to
Dec. 17, 2004
letter from
π counsel

January 4, 2005

VIA FAX: 1 (212) 805-7939
The Honorable Richard Conway Casey
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    Merit Capital Group, LLC v. Trio Industries Management, LLC, et al.
           Case No. 04 CIV 7690 (RCC)

Dear Judge Casey:

    This letter is in response to a December 17, 2004 letter form Marc Rosen to the Court in the subject case.

    The business financing memorandum (the "Memorandum") produced by Plaintiff's counsel has no relevance to this case. It clearly states that Trio Industries Group, Inc. ("TRIG"), which is not a party to this suit, is attempting to raise money to acquire from a subsidiary of Temple-Inland, Inc. a plant that manufactures medium density fiberboard, which is not related to the business of Trio Industries Holdings, LLC ("Holdings"). Holdings, as stated in Mr. Evan Daniels' affidavit, is engaged in the research and development of powder coating to use on wood substrates. TRIG neither owns nor is owned by Holdings. TRIG is a publicly held company incorporated in Florida which is in a different business than Holdings.

    Much of the confusion is caused by the fact that Mr. Rosen, in his December 17th letter, uses the term "Trio Industries" and "Trio" without specifying to what company he is referring.

    Plaintiff's counsel states that the Memorandum "is critical in four material respects". We will address each of these.

    1. No one, certainly not any of the Defendants, is proposing to merge with Temple-Inland, Inc. (which is a New York Stock Exchange listed company). The Defendants are certainly not "about to transfer an exorbitant amount of assets belonging to the corporate defendant" nor to "assume millions of dollars in debt".

---

TRIO INDUSTRIES GROUP, INC.          8411 Preston Road, Suite 850, Dallas, Texas 75225
                                              (214) 234-7850 Tel · (214) 234-7899 Fax

Page 2

2. The Memorandum is not attempting to "raise financing for" or "transfer ownership interests in" Holdings and would not in any way "dilute, and sell away, plaintiff's rightful ownership interests". It relates to TRIG, which is an unrelated company.

3. These statements are completely erroneous. Mr. Daniels never claimed that he and Mr. Gyemant own 100% of the membership interests in Holdings because they do not. Their ownership in TRIG is irrelevant, but they certainly have not "sold or transferred 22.8% of the company to undisclosed third-party investors".

4. Again it seems clear from a reading of the Memorandum that it has nothing to do with the corporate defendants in this lawsuit. Therefore, there would be no reason to refer to the lawsuit in the Memorandum. This does not in any way represent an effort by any corporate defendant to either "raise financing" or "transfer ownership interests rightfully belonging to plaintiff."

We believe it is clear from the Memorandum that none of the information raised by Plaintiff's counsel is relevant to the pending motion. Therefore, we would ask that the requests of Mr. Rosen in his letter be denied.

We also want to comment on the December 30th letter to you from Mintz and Gold, LLP. The Defendants have been in contact with that firm continually except during the recent holidays and have made fee payments as recently as November 2004. Even though the case is only in the preliminary stages, we have received billings totaling over $48,000, of which we have paid $20,000. We do not think it is appropriate to involve the Court in the fee issue, and we expect to resolve it with counsel.

We very much appreciate your patience in this matter.

Very truly yours,

David G. McLane
General Counsel

cc: Marc R. Rosen, Esq.
    Steven G. Mintz, Esq.