# GERSTEN, SAVAGE, KAPLOWITZ, WOLF & MARCUS, LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/2005

600 LEXINGTON AVENUE
NEW YORK, N.Y. 10022-6018
TELEPHONE: (212) 752-9700
FAX: (212) 980-5192
info@gskny.com
www.gskny.com

May 27, 2005



OVERNIGHT MAIL

The Honorable Richard Conway Casey
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    Merit Capital Group, LLC v. Trio Industries Management, LLC, et al.
              <u>Case No. 04 CIV 7690 (RCC)</u>

Dear Judge Casey:

      My firm represents plaintiff Merit Capital Group, LLC and third-party defendants Harvey Bloch and Alfred Salazar (hereinafter "plaintiff"). I am writing to respectfully request pursuant to Rules 1(E) and 3(B) of Your Honor's Individual Practices that (I) an order be entered compelling defendants and third-party plaintiffs (hereinafter "defendants") to answer fully all interrogatories, and produce all documents, as requested in plaintiff's discovery requests, by June 14, 2005; and (ii) the deadline to complete depositions and discovery, presently scheduled for May 31, 2005, be extended until July 14, 2005, because of the numerous deficiencies in the written discovery responses served by defendants as set forth below.

      This case arises out of plaintiff's loan to defendant, which defendant (presently owing plaintiff more than $800,000) has refused to pay back. Trio Industries Management also pledged all of its right, title and interest in Trio Industries Holdings to plaintiff, to further induce plaintiff to enter into this transaction, but despite defendants' breach has failed to convey its interest in Trio Industries Holdings to plaintiff as required. Instead, and as alleged in the complaint, defendants have been conducting the affairs of Trio Industries Holdings as if they were still the rightful controlling owner of the company, when they certainly are not, and have been mismanaging the company's business, dissipating its assets and impairing plaintiff's membership interests in Trio Industries Holdings, all to the detriment of plaintiff, the true majority shareholder of the business.

      On January 4, 2005, plaintiff served document requests and interrogatories on defendants. Due to a fee dispute between defendants and their former counsel, defendants did not initially respond to plaintiff's discovery requests. Defendants subsequently elected to retain new counsel, who did not respond to plaintiff's discovery requests until March 31, 2005, having requested and obtained (on consent) an extension in which to serve their responses. My various correspondence to defendants' counsel, advising them that defendants' discovery responses were wholly deficient and required substantial supplementation, are annexed hereto.

GERSTEN, SAVAGE, KAPLOWITZ, WOLF & MARCUS, LLP

I finally heard from defendants' counsel on Thursday, May 26, 2005. Defendants' counsel stated that she previously provided my first letter, detailing the deficiencies, to her clients and requested that defendants provide additional documentation, but that she since has not been able to contact them at all. (I fear that defendants' unavailability to their own counsel is a precursor to them seeking to retain yet a third set of lawyers, in another effort to prejudice plaintiff.)

Specifically, defendants have not produced any documents in response to document requests 19-33, 36-40, 65-98, 108-120 and 125, and defendants' response to document request 107 is incomplete. In addition, defendants have not at all answered interrogatories 3, 6, 11-15, 18, and 19, and their responses to interrogatories 4 and 24 are incomplete.

These requests seek documents and information concerning, in part, defendants' finances and their efforts to raise capital, financing, debt and equity; certain transfers of property by defendants; their encumbrance of corporate property; defendants' payment of certain monies or other consideration; the corporate defendants' receipt of certain loans and investments; certain specific proposed or actual acquisitions and development projects involving plaintiff and defendants; certain agreements involving the corporate defendants; communications, payments, services, and agreements involving co-defendant Thomas Mancuso; and other important documents and information set forth in greater detail in the discovery requests. (Plaintiff made certain other requests to defendants' counsel in connection with their document production, as set forth in my annexed letter dated May 4, 2005, but defendants have not responded to this request either.)

The foregoing information is critical, and relates directly to (among other things) the underlying transaction between the parties as well as plaintiff's complaint allegations that defendants have been mismanaging the company's business, dissipating its assets and impairing plaintiff's membership interests in Trio Industries Holdings. Absent this discovery, plaintiff will be severely prejudiced and unable to prosecute its case effectively.

I have conferred with defendants' counsel, and she consents to an extension of the deposition and discovery deadline (and I have submitted a proposed order herewith).

For the foregoing reasons, and in view of "the Court's preference that document discovery take temporal precedence over depositions" (Rule 3(B)), plaintiff respectfully requests that the aforementioned relief be granted. I am as well happy to discuss any of these issues at the upcoming conference, on June 3, 2005.

Your Honor's attention and consideration of this matter is greatly appreciated.

*In light of these discovery issues, this matter will be referred to Magistrate Judge Ellis for general pretrial purposes. Judge Ellis may decide to extend the discovery cutoff and help the parties work out an amended case management plan. The status conference scheduled for June 3, 2005 is hereby adjourned. So ordered.*

Respectfully submitted,

Marc R. Rosen

cc: Susan C. Stanley, Esq. (via overnight delivery)

*Richard Conway(?)*
May 31, 2005