UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MERIT CAPITAL GROUP, LLC,                   :
                                            :  Civil Action No. 04 CV 7690 (RCC) (RLE)
       Plaintiff,                          :
                                            :
  -against-                                : **NOTICE OF MOTION FOR**
                                            : **WITHDRAWAL AND DISPLACEMENT**
TRIO INDUSTRIES MANAGEMENT, LLC,            : **OF SHUSTAK JALIL & HELLER, P.C.,**
TRIO INDUSTRIES HOLDINGS, LLC,              : **AS COUNSEL OF RECORD**
EVAN R. DANIELS AND ROBERT E.               :
GYEMANT,                                    :
                                            :
       Defendants.                         :
------------------------------------------------------------ x

**PLEASE TAKE NOTICE** that, upon the accompanying affidavit of James P. Jalil sworn to on January 10, 2006, and the accompanying memorandum of law, and all of the prior proceedings had herein, Shustak Jalil & Heller, P.C., will move this Court before The Honorable Richard C. Casey, United States District Court Judge for the Southern District of New York, at the Courthouse located at 500 Pearl Street, New York, New York, on such date and at such time as this Court may direct, for an Order granting leave to Shustak Jalil & Heller, P.C., to withdraw as counsel of records for Defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant pursuant to Fed. R. Civ. P. 7 and Local Civil Rule 1.4 of the Local Civil Rules of the United States District Court of the Southern and

Eastern Districts and for such other relief as this Court may deem just and proper.

Dated: January 10, 2006
     New York, New York

                                              Respectfully Submitted,

                                              SHUSTAK JALIL & HELLER, P.C.

                                      By: _____
                                                James P. Jalil (JJ 4715)
                                              400 Park Avenue
                                              14th Floor
                                              New York, New York 10022
                                              Tel.: (212) 688-5900

                                              Attorneys for Defendants Trio Industries
                                              Management, LLC, Trio Industries
                                              Holdings, LLC, Evan R. Daniels and Robert
                                              E. Gyemant


To:    Gersten Savage LLP
         600 Lexington Avenue
         New York, New York 10022-6018
         Attn: Marc R. Rosen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MERIT CAPITAL GROUP, LLC,                      :
                                                :  Civil Action No. 04 CV 7690 (RCC) (RLE)
            Plaintiff,                          :
                                                :
      -against-                                 :  **AFFIDAVIT OF JAMES P. JALIL IN**
                                                :  **SUPPORT OF THE MOTION FOR**
TRIO INDUSTRIES MANAGEMENT, LLC,               :  **WITHDRAWAL AND DISPLACEMENT**
TRIO INDUSTRIES HOLDINGS, LLC,                  :  **OF SHUSTAK JALIL & HELLER, P.C.**
EVAN R. DANIELS AND ROBERT E.                   :  **AS COUNSEL OF RECORD**
GYEMANT,                                        :
                                                :
            Defendants.                         :
------------------------------------------------------------ x

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

    JAMES P. JALIL, an attorney duly admitted to practice before this Court, under penalty of perjury, hereby swears and states:

    1. I and my former law firm, Shustak Jalil & Heller, P.C. ("Shustak Jalil & Heller"), are counsel of record to defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant (collectively, the "Defendants"), in connection with the above-captioned action.

    2. I submit this affidavit in support of this motion for leave to withdraw as counsel of record in this action and to be relieved of all further responsibilities therein pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York. As counsel of record, I am familiar with the facts underlying this action as well as the circumstances leading to the filing of this motion.

1

3. On January 1, 2006, I became a member of the law firm of Thompson Hine LLP ("Thompson Hine"). However, as of the date of this motion, Shustak Jalil & Heller remains the counsel of record for Defendants; substitute of Thompson Hine for Shustak Jalil & Heller has not been formally effected.

**Background**

4. This action was initiated by plaintiff by the filing of a Complaint in or about September 2004.

5. Defendants filed an Answer to that Complaint on or about October 27, 2004, through Defendants' then counsel Mintz & Gold, LLP.

6. By Stipulation and Order of Withdrawal and Substitution of Counsel, which was so order by Judge Richard C. Casey on February 7, 2005, Shustak Jalil & Heller was substituted as counsel of records for Defendants.

7. Prior to the substitution of Shustak Jalil & Heller, I specifically discussed with the Defendants the possibilities under which a conflict of interest may arise resulting from the dual representation by Shustak Jalil & Heller of all of the Defendants.

8. Prior to the substitution of Shustak Jalil & Heller, the Defendants, having been advised of the possibilities under which a conflict of interest may arise, confirmed to me that their respective interests were aligned, that while there had been a falling out among Mr. Daniels and Mr. Gyemant, as to this litigation there was no present conflict between the Defendants, that as to this litigation their interests were aligned and that the Defendants consented to Shustak Jalil & Heller representing all of the Defendants.

9. On March 16, 2005, an Amended Pretrial Scheduling Stipulation and Order ("Scheduling Order") was so ordered by Hon. Richard C. Casey. Pursuant to the Scheduling Order, all discovery was to be completed by May 31, 2005.

10. Since the Scheduling Order, the discovery completion date has been extended multiple times. Most recently, by written request of counsel for plaintiff and third-party defendants dated December 16, 2005, which request was so ordered by Magistrate Judge Ronald L. Ellis, the discovery completion date was extended to January 10, 2006, to allow for the deposition of defendants Evan Daniels and Robert Gyemant.

**The Daniels Deposition**

11. During the deposition of Evan Daniels conducted on January 9, 2006, Mr. Daniels' testimony created a conflict of interest that led me to believe that I and Shustak Jalil & Heller could not continue to act as counsel to all of the Defendants. Specifically, Mr. Daniels testified, under oath that:

  a. Mr. Gyemant was a liar;

  b. Mr. Gyemant had made false statements and withheld information in connection with the sale of securities (though not in relation to this litigation); and

  c. Mr. Gyemant breached various contracts with Mr. Daniels.

12. Mr. Daniels continued his personal invective and attacks on Mr. Gyemant throughout the Deposition despite my continued objection. Mr. Daniels seemed intent on attacking Mr. Gyemant at every opportunity, despite the fact that his interests and Mr. Gyemant's interests are aligned as to this litigation.

13. Faced with testimony of one of the Defendants that raised an obvious conflict of interest among the Defendants, I contacted Magistrate Judge Ronald L. Ellis, by telephone

during the deposition, for guidance. Through Magistrate Judge Ronald L. Ellis' clerk, I was told that I could leave the deposition if I believed that a conflict existed but that I would have to make written application to withdraw as counsel. Based on that guidance, I left the deposition.

14. As a result of the testimony of Mr. Daniels elicited at the January 9, 2006 deposition, it has become evident to Shustak Jalil & Heller that it is unable to simultaneously exercise independent professional judgment on behalf of each of the Defendants. As a result, Shustak Jalil & Heller has determined that it must seek leave to withdraw as counsel to the Defendants.

15. Given the timing of this motion, the withdrawal of Shustak Jalil & Heller as counsel will neither prejudice Defendants nor prevent Defendants from meeting regularly scheduled proceedings as the Court may direct. A trial date has not been set in this action.

16. On January 9, 2006, David Frydman, Esq., who was retained on or about January 4, 2005, by Mr. Gyemant to act as Mr. Gyemant's personal counsel and co-counsel to Shustak Jalil & Heller on Mr. Gyemant's behalf in this action, advised me that he would not oppose this present motion.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law, it is respectfully requested that the Court issue an Order, pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, granting the instant motion of Shustak Jalil & Heller for leave to withdraw as counsel of record of defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant in this action, relieving Shustak Jalil & Heller of all further responsibilities therein, and granting Shustak Jalil & Heller such other relief as to the court

seems just and appropriate in the circumstances.

                                                                            _____
                                                                                 James P. Jalil

Sworn to before me this
10th day of January, 2006

_____
Notary Public

                                    Doreen Pando
                        Notary Public, State of New York
                             No. 01PA5083699
                    Commission Expires August 18, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

| | |
|---|---|
| MERIT CAPITAL GROUP, LLC, | : |
| Plaintiff, | : Civil Action No. 04 CV 7690 (RCC) (RLE) |
| -against- | : |
| TRIO INDUSTRIES MANAGEMENT, LLC, TRIO INDUSTRIES HOLDINGS, LLC, EVAN R. DANIELS AND ROBERT E. GYEMANT, | : **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR THE DEFENDANTS** |
| Defendants. | : |

-------------------------------------------------------- x

## PRELIMINARY STATEMENT

Due to differences that have recently arisen between Defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant and their counsel, Shustak Jalil & Heller, P.C. ("Shustak Jalil & Heller"), Shustak Jalil & Heller respectfully requests that it be granted leave to withdraw as counsel of record for Defendants.

The Complaint in this action was filed in or about September 2004. In February 2005, Shustak Jalil & Heller was substituted as counsel of record for Defendants in place of Defendants' then counsel Mintz & Gold, LLP. No trial date has been assigned in this action. There should be no prejudice to Defendants or any other party herein resulting from Shustak Jalil & Heller's withdrawal given that Defendants will have more than sufficient time to undertake their defense of the case.

1

## FACTUAL BACKGROUND

Shustak Jalil & Heller respectfully incorporate herein, and refer the Court's attention to, the accompanying affidavit of James P. Jalil for a full discussion of the facts underlying this motion.

## ANALYSIS

The guidelines of professional conduct of attorneys practicing before this Court are defined as those adopted by New York State's courts. *See King v. Fox*, 2005 U.S.Dist. LEXIS 5146 (S.D.N.Y. 2005). Those guidelines include New York's Canons, Ethical Considerations and Disciplinary Rules as embodied in New York State's Code of Professional Responsibility (the "Code"). *See id.* One such Disciplinary Rule - DR 5-105(B) - requires that:

> A lawyer shall not continue multiple employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve a lawyer in representing differing interests …
> *See* 22 N.Y.C.R.R. § 1200.24.

In the instant matter, it has recently become apparent that both prongs of DR 5-105 (B) may be present in Shustak Jalil & Heller of the Defendants. Specifically, during his deposition conducted on January 9, 2006, Mr. Daniels decided to attack Mr. Gyemant with sworn testimony for matters arising from their falling out. Mr. Daniels apparently cannot separate his feelings for Mr. Gyemant from this litigation. It now has become evident that the Defendants' interest are actually, or at the very least apparently, adverse to each other.

Recently, this Court, in reflecting on DR 5-105, has reaffirmed that simultaneous representation of two clients with adverse interests is "prima facie improper … ." *See Unique Sports Generation, Inc. v. LGH-III, LLC*, 2005 U.S.Dist. LEXIS 22133 (S.D.N.Y. 2005). The

2

Court in *Unique Sports* also stated that an attorney in such a scenario "must be prepared to show, at the very least, that there will be no actual or *apparent* conflict in loyalties or diminution in the vigor of his representation." *See id citing Cinema 5, Ltd v. Cinerama, Inc.*, 528 F.2d 1384 (2d Cir. 1976). Given the testimony of Mr. Daniels, and the apparent implications flowing from that testimony, Shustak Jalil & Heller cannot make such a showing.

## CONCLUSION

For the reasons set forth above and in the accompanying affidavit of James P. Jalil, it is respectfully requested that the Court issue an Order, pursuant to Civil Rule 1.4 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, granting the instant motion of Shustak Jalil & Heller for leave to withdraw as counsel of record of defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant in this action, relieving Shustak Jalil & Heller of all further responsibilities therein, and granting Shustak Jalil & Heller such other relief as to the Court seems just and appropriate in the circumstances.

Dated: January 10, 2006
      New York, New York

Respectfully Submitted,

SHUSTAK JALIL & HELLER, P.C.

By: _____
      James P. Jalil (JJ 4715)
400 Park Avenue
14th Floor
New York, New York 10022
Tel.: (212) 688-5900
Attorneys for Defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant

3