UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
MERIT CAPITAL GROUP, LLC,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　Civil Action No. 04 CV 7690 (RCC) (RLE)
　　　　　　Plaintiff,　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　:
　　-against-　　　　　　　　　　　　　 :　**REPLY AFFIDAVIT OF JAMES P.**
　　　　　　　　　　　　　　　　　　　　:　**JALIL IN FURTHER SUPPORT OF THE**
TRIO INDUSTRIES MANAGEMENT, LLC, :　**MOTION FOR WITHDRAWAL AND**
TRIO INDUSTRIES HOLDINGS, LLC,　　　:　**DISPLACEMENT OF SHUSTAK JALIL**
EVAN R. DANIELS AND ROBERT E.　　　 :　**& HELLER, P.C. AS COUNSEL OF**
GYEMANT,　　　　　　　　　　　　　　　:　**RECORD**
　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　　 :
------------------------------------------------------- x

STATE OF NEW YORK　　)
　　　　　　　　　　　　) ss.:
COUNTY OF NEW YORK　)

　　　　　JAMES P. JALIL, an attorney duly admitted to practice before this Court, under penalty of perjury, hereby swears and states:

　　　　　1. I and my former law firm, Shustak Jalil & Heller, P.C. ("Shustak Jalil & Heller"), remain counsel of record to defendant Evan R. Daniels in connection with the above-captioned action.

　　　　　2. I submit this affidavit in further support of the motion of Shustak Jalil & Heller for leave to withdraw as counsel of record in this action and to be relieved of all further responsibilities therein pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York. As counsel of record, I am familiar with the facts underlying this action as well as the circumstances leading to the filing of this motion.

3. On January 1, 2006, I became a member of the law firm of Thompson Hine LLP ("Thompson Hine"). However, as of the date of this motion, Shustak Jalil & Heller remains the counsel of record; a substitution of Thompson Hine for Shustak Jalil & Heller has never been formally effected.

4. When Shustak Jalil & Heller was first substituted as counsel for all of the defendants in this action in February 2005, it was determined among Mr. Daniels, Mr. Gyemant and myself, that consistent with the opinion of prior counsel, the legal positions and interests of Mr. Daniels, Mr. Gyemant, Trio Industries Management, LLC and Trio Industries Holdings, LLC (the "Trio Corporate Defendants") were aligned as to this litigation.

5. After Shustak Jalil & Heller was substituted as counsel, friction began to develop between Mr. Daniels and Mr. Gyemant with respect to issues wholly unrelated to this litigation. As the friction continued, the issue of a potential of a conflict of interest was raised by Shustak Jalil & Heller with Mr. Daniels and Mr. Gyemant. In open court on February 10, 2006 Mr. Daniels stated that he repeatedly raised the conflict issue with Shustak Jalil & Heller implying that Shustak Jalil & Heller was somehow being cavalier about the issue in response to Mr. Daniels' concerns. Mr. Daniels' recollection is flawed. It was Shustak Jalil & Heller that raised the issue with him, and in each discussion with him about the matter Mr. Daniels requested that Shustak Jalil & Heller continue to represent him, as well as the other parties, principally because the Trio Corporate Defendants were paying the legal fees of Shustak Jalil & Heller and Mr. Daniels did not want to incur separate legal fees. Mr. Daniels responded to my concern about a potential conflict in light of the growing friction between Mr. Daniels and Mr. Gyemant, with a letter to me dated December 19, 2005, wherein Mr. Daniels memorialized just such a discussion he and I had and stated that he, Mr. Daniels, was "releasing [Shustak Jalil & Heller] from any

conflict on this case that may arise between Gyemant and me, as long as [Shustak Jalil & Heller remains] neutral." A copy of the December 19, 2005 letter is annexed hereto as Exhibit A.

6. In Mr. Daniel's December 19, 2005 letter, he also requested that he be immediately informed if Shustak Jalil & Heller determined that such a conflict existed. In accordance with Mr. Daniels' request as set forth in the December 19, 2005 letter, I immediately informed Mr. Daniels on January 9 that in light of his testimony at his deposition on that day, I felt a conflict had arisen such that Shustak Jalil & Heller could no longer continue as counsel. To avoid repetition with the information contained in my earlier motion to withdraw as counsel, suffice it to say that Mr. Daniels himself caused the conflict by calling his co-defendant, and my other client, Mr. Gyemant, a liar and continued throughout the deposition to vilify his co-defendant Mr. Gyemant, most of such comments being gratuitous and irrelevant to this litigation. As continued representation became untenable because of Mr. Daniels' testimony, and in compliance with Mr. Daniels' request contained in his December 19, 2005 letter, I and Shustak Jalil & Heller remained neutral by immediately seeking to withdraw as counsel for all of the defendants.

7. As requested by the Court, a copy of my case file, together with a summary of the case, has been forwarded to Mr. Daniels.

8. All fees paid and expenses paid to Shustak Jalil & Heller in connection with this matter have been paid by Trio Industries Management, LLC. Mr. Daniels has not paid any money to Shustak Jalil & Heller in connection with the defense of this action.

9. Counter to the assertions made by Mr. Daniels, Trio Industries Management, LLC. has never indicated to Shustak Jalil & Heller that it would be unwilling to pay any fees and expenses billed by Shustak Jalil & Heller in this litigation. On February 10, 2006, Mr. Daniels

3

138785.1

made the outrageous assertion in open court that the conflict issue raised by me is a ruse to withdraw as counsel due to the fact that Shustak Jalil & Heller had been replaced as counsel by Mr. Gyemant and the Trio Corporate Defendants and therefore was fearful of not being paid. The record puts the lie to that statement. Shustak Jalil & Heller was never replaced by other counsel nor has Shustak Jalil & Heller ever feared of not being paid. What did happen was that Mr. Gyemant retained co-counsel, Mr. David Frydman, along with Shustak Jalil & Heller, for himself alone. Shustak Jalil & Heller was to remain as counsel for Mr. Daniels, counsel for the Trio Corporate Defendants and co-counsel to Mr. Gyemant along with Mr. Frydman. The Trio Corporate Defendants never replaced Shustak Jalil & Heller as counsel, never threatened to replace Shustak Jalil & Heller as counsel, and certainly never threatened not to pay Shustak Jalil & Heller's fees. To the contrary, it was only when Shustak Jalil & Heller was forced to withdraw as counsel from all parties based totally on Mr. Daniels' performance at his deposition, that Mr. Frydman was thereafter substituted as counsel for the Trio Corporate Defendants. That substitution happened <u>after</u> Shustak Jalil & Heller withdrew as counsel based on a conflict, not before. The timeline makes clear that Mr. Daniels' assertion is not true.

10. The application filed by Shustak Jalil & Heller to withdraw as counsel is not precipitated, in whole or in part, by the payment, the lack of payment, or any threat or insinuation relating to a discontinuance of the payment of its fees and expenses. Rather, the application was the made by Shustak Jalil & Heller (and at the suggestion of Magistrate Judge Ronald L. Ellis) directly and wholly as a result of the testimony of Mr. Daniels given at his deposition on January 9, 2006 wherein he himself created the conflict by his repeated attacks on his co-defendant, and my other client, Mr. Gyemant.

4

138785.1

WHEREFORE, for the reasons set forth in the principal motion papers of Shustak Jalil & Heller and as further set forth above and in the accompanying reply memorandum of law, it is respectfully requested that the Court issue an Order, pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, granting the instant motion of Shustak Jalil & Heller for leave to withdraw as counsel of record of defendant Evan R. Daniels in this action, relieving Shustak Jalil & Heller of all further responsibilities therein, and granting Shustak Jalil & Heller such other relief as to the Court seems just and appropriate in the circumstances.

                                                                                     _____
                                                                                                James P. Jalil

Sworn to before me this
24th day of February, 2006

_____
Notary Public

GAIL GLIDEWELL
Notary Public, State of New York
No. 02GL6091331
Qualified in New York County
Commission Expires April 28, 20__

5

138785.1