UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
MERIT CAPITAL GROUP, LLC,          :
                                   :
       Plaintiff,               :  Civil Action No. 04 CV 7690 (RCC) (RLE)
                                   :
   -against-                      :
                                   :
                                   :  **REPLY MEMORANDUM OF LAW**
TRIO INDUSTRIES MANAGEMENT, LLC,   :  **IN FURTHER SUPPORT OF MOTION**
TRIO INDUSTRIES HOLDINGS, LLC,     :  **TO WITHDRAW AS COUNSEL**
EVAN R. DANIELS AND ROBERT E.      :  **FOR THE DEFENDANTS**
GYEMANT,                           :
                                   :
       Defendants.              :
-------------------------------------------------------- x

## PRELIMINARY STATEMENT

On January 10, 2006, Shustak Jalil & Heller, P.C. ("Shustak Jalil & Heller") moved this Court to grant it leave to withdraw as counsel of record to defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant. The basis for that request is that a conflict of interest arose between the defendants as a result of certain testimony given by defendant Evan R. Daniels at his deposition conducted on January 9, 2006.

Since the filing of Shustak Jalil & Heller's principal motion, it has been substitutes as counsel of record for defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, and Robert E. Gyemant

Mr. Daniels opposes Shustak Jalil & Heller's motion to withdraw. Shustak Jalil & Heller takes no position on Mr. Daniels' request for a continuance to allow Mr. Daniels time to retain counsel. Further, Shustak Jalil & Heller has already provided Mr. Daniels with a copy of its case file in this matter. However, Shustak Jalil & Heller respectfully submits this reply to address certain erroneous and unfounded assertions set forth in Mr. Daniels' opposition.

## FACTUAL BACKGROUND

Shustak Jalil & Heller respectfully incorporates herein, and refers the Court's attention to, Shustak Jalil & Heller's principal motion papers and the accompanying affidavit of James P. Jalil for a full discussion of the facts underlying this motion.

In addition to the incorporated facts, it is noteworthy that in a letter from Mr. Daniels to Shustak Jalil & Heller dated December 5, 2005, Mr. Daniels (1) acknowledged that Trio Industries Management, LLC, and not Mr. Daniels, paid Shustak Jalil & Heller's fees and (2) released Shustak Jalil & Heller from any conflict that may arise in this matter between Mr. Daniels and Mr. Gyemant. A copy of the December 5, 2005, letter is annexed to the Affidavit of James P. Jalil dated February 24, 2006 (hereinafter, the "Jalil Aff.").

## ANALYSIS

Shustak Jalil & Heller agrees with Mr. Daniels that New York State's DR 2-110 governs the withdrawal of Shustak Jalil & Heller as counsel of record in this matter. In fact, Mr. Daniels identifies the very basis under DR 2-110 -- DR 2-110(C)(2) -- that necessitates the withdrawal of Shustak Jalil & Heller as counsel for the defendants. *See* Notice of Opposition of Motion for Withdrawal and Displacement of Shustak Jalil & Heller, P.C., as Counsel of Record (hereinafter, the "Opposition"), p. 2, section II1. That is, DR 2-110(C)(2) states that a lawyer may withdraw as counsel where "continued employment is likely to result in a violation of the Disciplinary Rules." *See* 22 N.Y.C.R.R. § 1200.24; *see also* Opposition, p. 2, section II1. As more fully set forth in the principal motion, if Shustak Jalil & Heller were to continue to act as counsel in this action, it is likely that DR 5-105(B) would be violated.

To summarize, in the instant matter, Mr. Daniels' personal dislike for Mr. Gyemant germinated into an unavoidable and clear conflict of interest at Mr. Daniels' January 9, 2006 deposition. *See* Jalil Aff., p. 6. Prior to the January 9, 2006 deposition, Shustak Jalil & Heller was aware that Mr. Daniels harbored a personal dislike for Mr. Gyemant, but that there was no conflict with regard to the legal positions and interests of the defendants. *See* Jalil Aff., p. 5. However, at the Mr. Daniels' deposition, Mr. Daniels' verbally attacked Mr. Gyemant, resulting in a clear conflict of interest between the co-defendants. *See* Jalil Aff., p. 6. In accordance with DR 2-110, Shustak Jalil & Heller immediately gave notice to Mr. Daniels that, due to the conflict, it was necessary for Shustak Jalil & Heller to withdraw as counsel for all of the defendants. Shortly thereafter, Shustak Jalil & Heller moved to withdraw as counsel and has now provided Mr. Daniels with a copy of its case file in this action. *See* Jalil Aff., p. 6-7.

Mr. Daniels' assertion that Shustak Jalil & Heller's request to withdraw as counsel is motivated, in whole or in part, by monetary issues is incorrect. Mr. Daniels' caviler declaration that a concern over the payment of legal fees is the driving force behind Shustak Jalil & Heller's withdrawal request is wholly unsupportable for the simple reason that it is untrue. *See* Jalil Aff., p. 8. From the date that Shustak Jalil & Heller commenced its representation of the defendants through the date on which the conflict arose, there has been neither a dispute over fees nor a threat or insinuation that payment to Shustak Jalil & Heller for its legal services would cease. *See* Jalil Aff., p. 9. Such an baseless claim is hollow, if not reckless, and should be disregard by the Court.

Equally as hollow is Mr. Daniels' request for a sanction that Shustak Jalil & Heller "be ordered to *refund* all fees that were attributable to the defense" of Mr. Daniels. *See* Opposition, page 3, section III4 (emphasis added). As a practical matter, all fees paid to Shustak Jalil &

Heller in connection with the defense of this matter, including the defense of Mr. Daniels, have been paid by Trio Industries Management, LLC. *See* Jalil Aff., p. 8. Mr. Daniels has not paid any fees to Shustak Jalil & Heller in this action so there is nothing to "refund" to Mr. Daniels. *See* Jalil Aff., p. 8. Further, Mr. Daniels offers no legal authority warranting such a sanction. In fact, in light of Mr. Daniels' December 9, 2005 letter, it is clear that such salacious accusations amount to little more than an attempt by Mr. Daniels to find a source of money to fund his ongoing defense of this action.

Further, as this action is still in the discovery phase, Mr. Daniels will not suffer any material adverse effects as a result of the withdrawal. The only possible effect of the withdrawal is that, due to the conflict, Mr. Daniels will likely be required to retain, and pay, his own attorney.

## CONCLUSION

For the reasons set forth in the principal motion papers of Shustak Jalil & Heller, and as further set forth above and in the accompanying reply affidavit of James P. Jalil, it is respectfully requested that the Court issue an Order, pursuant to Civil Rule 1.4 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, granting the instant motion of Shustak Jalil & Heller for leave to withdraw as counsel of record of defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC, Evan R. Daniels and Robert E. Gyemant in this action, relieving Shustak Jalil & Heller of all further responsibilities therein, and granting Shustak Jalil & Heller such other relief as to the Court seems just and appropriate in

the circumstances.

Dated: February 24, 2006
      New York, New York

                           Respectfully Submitted,

                           SHUSTAK JALIL & HELLER, P.C.

By: _____
                James P. Jalil (JJ 4715)
                400 Park Avenue
                14th Floor
                New York, New York 10022
                Tel.: (212) 688-5900
                Attorneys of Record for Evan R. Daniels

138785.1