SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------ x

MERIT CAPITAL GROUP, LLC,

        Plaintiff,

     -against-

TRIO INDUSTRIES MANAGEMENT, LLC, TRIO
INDUSTRIES HOLDINGS, LLC, EVAN R. DANIELS
and ROBERT E. GYEMANT,

        Defendants.

------------------------------------------------------------------

TRIO INDUSTRIES MANAGEMENT, LLC and TRIO
INDUSTRIES HOLDINGS, LLC,

        Third Party Plaintiffs,

     -against-

HARVEY M. BLOCH and ALFRED SALAZAR,

        Third Party Defendants.

------------------------------------------------------------------ x

Index No. 04 CV 7690(RCC)

**ANSWER TO CROSS-CLAIM**

      Defendants Trio Industries Management, LLC, Trio Industries Holdings, LLC and Robert E. Gyemant, by their counsel Frydman LLC, for their Answer to the Cross-Claim of Defendant Evan R. Daniels ("Daniels") served October 4, 2006, state as follows:

      1.    Admit the truth of the allegations in paragraph 1 of the Cross-Claim.

      2.    Admit the truth of the allegations in paragraph 2 of the Cross-Claim.

      3.    Deny the truth of the allegations in paragraph 3 of the Cross-Claim.

      4.    Deny the truth of the allegations in paragraph 4 of the Cross-Claim

      5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "1" of the Cross-Claim.

6. Deny the truth of the allegations in paragraph "2" of the Cross-Claim, and refer the Court to the referenced document for its terms.

7. Admit the truth of the allegations in paragraph "3" of the Cross-Claim.

8. Deny the truth of the allegations in paragraph "4" of the Cross-Claim.

9. Deny the truth of the allegations in paragraph "5" of the Cross-Claim

10. Deny the truth of the allegations in paragraph "6" of the Cross-Claim.

11. Deny the truth of the allegations in paragraph "7" of the Cross-Claim.

12. Deny the truth of the allegations in paragraph "8" of the Cross-Claim, and respectfully refer the Court to the referenced document for the terms therein.

13. Deny the truth of the allegations in paragraph "9" of the Cross-Claim.

14. Deny the truth of the allegations in paragraph "10" of the Cross-Claim.

15. Deny the truth of the allegations in paragraph "11" of the Cross-Claim.

16. Deny the truth of the allegations in paragraph "12" of the Cross-Claim.

17. Deny the truth of the allegations in paragraph "13" of the Cross-Claim.

18. Deny the truth of the allegations in paragraph "14" of the Cross-Claim.

19. Repeat and reallege prior responses in response to paragraph "15" of the Cross-Claim.

20. Deny the truth of the allegations in paragraph "16" of the Cross-Claim.

21. Deny the truth of the allegations in paragraph "17" of the Cross-Claim.

22. Repeat and reallege prior responses in response to paragraph "18" of the Cross-Claim.

23. Deny the truth of the allegations in paragraph "19" of the Cross-Claim.

24. Deny the truth of the allegations in paragraph "20" of the Cross-Claim.

25. Deny the truth of the allegations in paragraph "21" of the Cross-Claim.

26. Repeat and reallege prior responses in response to paragraph "23" of the Cross-Claim.

27. Deny the truth of the allegations in paragraph "24" of the Cross-Claim.

28. Deny the truth of the allegations in paragraph "25" of the Cross-Claim.

29. Repeat and reallege prior responses in response to paragraph "26" of the Cross-Claim.

30. Deny the truth of the allegations in paragraph "27" of the Cross-Claim.

31. Deny the truth of the allegations in paragraph "28" of the Cross-Claim.

32. Deny the truth of the allegations in paragraph "29" of the Cross-Claim, and respectfully refer the court to the referenced document for the terms therein.

### COMMON ALLEGATIONS FOR AFFIRMATIVE DEFENSES, OFFSETS AND COUNTERCLAIMS

33. At all relevant times Daniels as an officer and manager had fiduciary duties to the Cross-Claim defendants.

34. Daniels breached his duties by, among other things, theft of corporate tangible and intangible property, misappropriation of trade secrets, theft of corporate opportunities, tortiously interfering with defendants' business, unfairly competing with defendants and operating a competing business.

### FIRST AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

35. The Court should strike the Cross-Claims because they exceed the permissible scope set forth in FRCP Rule 13(g).

### SECOND AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

36. The Cross-Claims seek relief against Trio Industries Group, Inc. which is not a party to this action, but is a necessary party.

### THIRD AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

37. Daniels is not entitled to enforce the various alleged agreements due to lack of consideration, Daniels' breach of those agreements, breaches of fiduciary duty and other misconduct.

### FOURTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

38. The Cross-Claims fail to state a claim for relief.

### FIFTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

39. The Cross-Claims are barred by the doctrine of unconscionabilaty.

### SIXTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

40. The Cross-Claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

41. The Cross-Claims are barred by the doctrine of bad faith.

### EIGHTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

42. Principles of equity preclude the Court from granting the relief requested.

### NINTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

43. The Court lacks personal jurisdiction over Cross-Claim defendant Robert Gyemant.

### TENTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS, FIRST OFFSET AND COUNTERCLAIM

44. Daniels has engaged in various tortious conduct, including breach of fiduciary duty, unfair competition, conversion, theft of corporate property and

opportunities, unjust enrichment, misappropriation of trade secretes and tortious interference.  As a result Daniels has caused damages in an amount to be determined

ELEVENTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS,
SECOND OFFSET AND COUNTERCLAIM

45.     Daniels unlawfully appropriated, secured, or stole Trio's property in violation of Texas Penal Code sections 31.03 and 31.05.  Daniels' unlawful taking of Trio's property was made with the intent to deprive Trio of the property.  As a proximate cause of Daniels' violation of the Theft Liability Act, Trio has suffered damages within the jurisdictional limits of this court.

WHEREFORE, Cross-Claim defendants respectfully demand judgment dismissing the Cross-Claim, for damages, plus interest, and for their costs and disbursements and such other and further relief as to the Court appears just and proper.

Dated:  New York, New York
        October 13, 2006

                                          FRYDMAN LLC

                                          By:__s/_____
                                          DAVID S. FRYDMAN (DF 8095)
                                          Counsel for Defendants Trio Industries
                                           Management, LLC, Trio Industries
                                           Holdings, LLC and Robert E. Gyemant
                                          18 East 48th Street – 10th Floor
                                          New York, New York 10017
                                          (212) 355-9100

To:   Robert S. Wolf, Esq.
      Gersten Savage LLP
      Attorneys for Plaintiffs and Third-Party Defendants
      600 Lexington Avenue
      New York, NY 10022
      (212) 752-9700

Evan R. Daniels
Defendant *Pro Se*
1420 Chaucer Drive
Frisco, TX 75035
(214) 762-0123