UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MERIT CAPITAL GROUP, LLC,

                      Plaintiff,

                      **PLAINTIFFS' AND THIRD-PARTY DEFENDANTS' REPLY TO COUNTERCLAIMS AND THIRD PARTY CLAIMS**

      -against-

TRIO INDUSTRIES MANAGEMENT, LLC,          Case No. 04 Civ. 7690 (RCC)
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                      Defendants.
------------------------------------------------------------X
TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC, and
EVAN R. DANIELS,

                      Third Party Plaintiffs,

      -against-

HARVEY M. BLOCH, ALFRED SALAZAR
and THOMAS J. MANCUSO,

                      Third Party Defendants.
------------------------------------------------------------X

      Plaintiff, Merit Capital Group, LLC (hereinafter "Merit") and Third-Party Defendants, Harvey M. Bloch (hereinafter "Bloch") and Alfred Salazar (hereinafter "Salazar," collectively "Third-Party Defendants") by their attorneys, Gersten Savage, LLP, for their reply to the counterclaims and third-party claims filed by *pro se* Defendant/Third-Party Plaintiff Evan R.

Daniels (hereinafter "Daniels"), state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

**COUNTERCLAIM BY THIRD-PARTY DANIELS**

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

5. Admit the allegations set forth in paragraph 2.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

7. Admit the allegations set forth in paragraph 4.

8. Admit the allegations set forth in paragraph 5.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

11. Deny the allegations set forth in paragraph 8.

12. Deny the allegations set forth in paragraph 9.

13. Deny the allegations set forth in paragraph 10.

14. Deny the allegations set forth in paragraph 11.

15. Deny the allegations set forth in paragraph 12.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

17. Refuse to respond to the "allegations" set forth in paragraph 14 since it is unclear what Daniels alleges therein.

18. Deny the allegations set forth in paragraph 15.

19. Deny the allegations set forth in paragraph 16.

20. With respect to the allegations set forth in paragraph 17, Plaintiff Merit repeats and realleges the applicable prior responses as though fully set forth herein.

21. Deny the allegations set forth in paragraph 18.

22. Deny the allegations set forth in paragraph 19.

23. Deny the allegations set forth in paragraph 20.

24. With respect to the allegations set forth in paragraph 21, Plaintiff Merit repeats and realleges the applicable prior responses as though fully set forth herein.

25. Deny the allegations set forth in paragraph 22.

26. Deny the allegations set forth in paragraph 23.

27. Deny the allegations set forth in paragraph 24.

28. Deny the allegations set forth in paragraph 25.

29. Deny the allegations set forth in paragraph 26.

30. With respect to the allegations set forth in paragraph 27, Plaintiff Merit repeats and realleges the applicable prior responses as though fully set forth herein.

31. Deny the allegations set forth in paragraph 28.

32. Deny the allegations set forth in paragraph 29.

33. With respect to the allegations set forth in paragraph 30, Plaintiff Merit repeats and realleges the applicable prior responses as though fully set forth herein.

34. Deny the allegations set forth in paragraph 31.

35. Deny the allegations set forth in paragraph 32.

36. With respect to the allegations set forth in paragraph 33, Third-Party Defendants Bloch and Salazar repeat and reallege the applicable prior responses as though fully set forth herein.

37. Deny the allegations set forth in paragraph 34.

38. Deny the allegations set forth in paragraph 35.

39. Deny the allegations set forth in paragraph 36.

40. With respect to the allegations set forth in paragraph 37, Third-Party Defendants Bloch and Salazar repeat and reallege the applicable prior responses as though fully set forth herein.

41. Deny the allegations set forth in paragraph 38.

42. Deny the allegations set forth in paragraph 39.

43. Deny the allegations set forth in paragraph 40.

44. Deny the allegations set forth in paragraph 41.

45. Deny the allegations set forth in paragraph 42.

46. With respect to the allegations set forth in paragraph 43, Third-Party Defendants Bloch and Salazar repeat and reallege the applicable prior responses as though fully set forth

herein.

47. Deny the allegations set forth in paragraph 44.

48. Deny the allegations set forth in paragraph 45.

49. With respect to the allegations set forth in paragraph 46, Third-Party Defendants Bloch and Salazar repeat and reallege the applicable prior responses as though fully set forth herein.

50. Deny the allegations set forth in paragraph 47.

51. Deny the allegations set forth in paragraph 48.

52. No response is required to the allegations set forth in paragraphs 49 to 55 since those allegations are not directed to Plaintiff or to Third-Party Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

53. Daniels's allegations fail to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

55. Plaintiff and Third-Party Defendants have not breached any contractual or other obligations purportedly owed to Daniels.

### Third Affirmative Defense

56. Daniels's allegations lack the requisite particularity.

### Fourth Affirmative Defense

57. Daniels's claims are barred by virtue of the doctrines of waiver, ratification and laches.

### Fifth Affirmative Defense

58. The written agreements entered into between the parties express all the parties' understandings and intents, and thus Daniels's claims are barred by virtue of the parol evidence rule.

### Sixth Affirmative Defense

60. Daniels has suffered no damages attributable to the Plaintiff or the Third-Party Defendants.

WHEREFORE, Plaintiff and Third-Party Defendants respectfully request that the Court dismiss Daniels's counterclaims and third-party claims with prejudice and award Plaintiff and Third-Party Defendants the costs and disbursements incurred in defending the counterclaims and third-party claims, including reasonable attorneys' fees, together with such other and further relief as the Court may deem just and proper.

Dated: October 24, 2006

> GERSTEN, SAVAGE, LLP
> Attorneys for Plaintiff
>
> By: _____
> David Lackowitz (DAL 8591)
> 600 Lexington Ave., 9th Fl.
> New York, New York 10022
> (212) 752-9700