ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MERIT CAPITAL GROUP, LLC,

                Plaintiff,

                **PLAINTIFFS' AND THIRD-PARTY DEFENDANTS' REPLY TO COUNTERCLAIMS AND <u>THIRD PARTY CLAIMS</u>**

    -against-

TRIO INDUSTRIES MANAGEMENT, LLC,        Case No. 04 Civ. 7690 (RCC)
TRIO INDUSTRIES HOLDINGS, LLC,
EVAN R. DANIELS, and ROBERT E. GYEMANT,

                Defendants.
------------------------------------------------------------------X
TRIO INDUSTRIES MANAGEMENT, LLC,
TRIO INDUSTRIES HOLDINGS, LLC, ROBERT
E. GYEMANT and EVAN R. DANIELS,

                Third Party Plaintiffs,

    -against-

HARVEY M. BLOCH, ALFRED SALAZAR
and THOMAS J. MANCUSO,

                Third Party Defendants.
------------------------------------------------------------------X

       Plaintiff, Merit Capital Group, LLC (hereinafter "Merit") and Third-Party Defendants, Harvey M. Bloch (hereinafter "Bloch") and Alfred Salazar (hereinafter "Salazar," collectively "Third-Party Defendants") by their attorneys, Gersten Savage, LLP, for their reply to the counterclaims and third-party claims filed by Defendants/Third-Party Plaintiffs Trio Industries

Management, LLC, Trio Industries Holdings, LLC and Robert E. Gyemant (hereinafter the "Trio Defendants"), state as follows:

**FACTS COMMON TO COUNTERCLAIMS, OFFSETS AND THIRD-PARTY CLAIMS**

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49.

5. Admit the allegations set forth in paragraph 50.

6. Admit the allegations set forth in paragraph 51.

7. Admit the allegations set forth in paragraph 52.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

10. Admit the allegations set forth in paragraph 55.

11. Deny the allegations set forth in paragraph 56.

12. Deny the allegations set forth in paragraph 57.

13. Deny the allegations set forth in paragraph 58.

14. Deny the allegations set forth in paragraph 59.

15. Deny the allegations set forth in paragraph 60.

16. Deny the allegations set forth in paragraph 61.

17. Deny the allegations set forth in paragraph 62.

18. Deny the allegations set forth in paragraph 63.

19. Deny the allegations set forth in paragraph 64.

20. Deny the allegations set forth in paragraph 65.

21. Deny the allegations set forth in paragraph 66.

22. Deny the allegations set forth in paragraph 67.

23. Deny the allegations set forth in paragraph 68.

24. Deny the allegations set forth in paragraph 69.

25. Deny the allegations set forth in paragraph 70.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

27. Deny the allegations set forth in paragraph 72.

28. Deny the allegations set forth in paragraph 73.

29. Deny the allegations set forth in paragraph 74.

30. Deny the allegations set forth in paragraph 75.

**AS AND FOR A FIRST COUNTERCLAIM AND OFFSET**
(Against Merit, Bloch and Salazar for Breach of Fiduciary Duty)

31. With respect to the allegations set forth in paragraph 76, Plaintiff/Third-Party Defendants repeat and reallege the applicable prior responses as though fully set

forth herein.

32. Deny the allegations set forth in paragraph 77.

33. Deny the allegations set forth in paragraph 78.

34. Deny the allegations set forth in paragraph 79.

### AS FOR A SECOND COUNTERCLAIM AND OFFSET
(Against Merit, Bloch and Salazar for Fraud)

35. With respect to the allegations set forth in paragraph 80, Plaintiff/Third-Party Defendants repeat and reallege the applicable prior responses as though fully set forth herein.

36. Deny the allegations set forth in paragraph 81.

37. Deny the allegations set forth in paragraph 82.

38. Deny the allegations set forth in paragraph 83.

39. Deny the allegations set forth in paragraph 84.

### AS FOR A THIRD COUNTERCLAIM AND OFFSET
(Against Merit for Breach of Contract)

40. With respect to the allegations set forth in paragraph 85, Plaintiff repeats and realleges the applicable prior responses as though fully set forth herein.

41. Denies the allegations set forth in paragraph 86.

42. Denies the allegations set forth in paragraph 87.

### AS FOR A FOURTH COUNTERCLAIM AND OFFSET
(Against Merit for Unjust Enrichment)

43. With respect to the allegations set forth in paragraph 88, Plaintiff repeats and realleges the applicable prior responses as though fully set forth herein.

44. Denies the allegations set forth in paragraph 89.

45. Denies the allegations set forth in paragraph 90.

### AS FOR A NINTH AFFIRMATIVE DEFENSE AND FIFTH COUNTERCLAIM AND OFFSET
(Against Merit, Block and Salazar for Violation of the Securities Laws)

46. With respect to the allegations set forth in paragraph 91, Plaintiff repeats and realleges the applicable prior responses as though fully set forth herein.

47. Deny the allegations set forth in paragraph 92.

48. Deny the allegations set forth in paragraph 93.

49. Deny the allegations set forth in paragraph 94.

50. Deny the allegations set forth in paragraph 95.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

51. Trio Defendants' allegations fail to state a cause of action upon which relief may be granted.

#### Second Affirmative Defense

52. Third-Party Defendants were not a party to any agreement with third-party plaintiffs.

#### Third Affirmative Defense

53. Plaintiff/Third-party Defendants have not breached any contractual or other obligations purportedly owed to third-party plaintiffs.

#### Fourth Affirmative Defense

54. Trio Defendants' allegations lack the requisite particularity.

### Fifth Affirmative Defense

55. Trio Defendants' claims are barred by virtue of the doctrines of waiver, ratification and laches.

### Sixth Affirmative Defense

56. Trio Defendants failed to assert their claim for rescission in a timely fashion.

### Seventh Affirmative Defense

57. Trio Defendants' understandings and intents are all reflected in Third-Party Plaintiffs' agreements with Merit Capital Group, LLC, and thus Trio Defendants' claims are barred by virtue of the parol evidence rule.

### Eighth Affirmative Defense

58. Trio Defendants' have suffered no damages attributable to Plaintiff/Third-Party Defendants.

### Ninth Affirmative Defense

59. Trio Defendants' claims are barred by virtue of improper service.

### Tenth Affirmative Defense

60. Trio Defendants' claims are barred by virtue of the doctrine of estoppel.

**WHEREFORE**, Plaintiff respectfully requests that the Court dismiss the Defendants', Trio Industries Management, LLC, Trio Industries Holding, LLC and Robert E. Gyemant, counterclaims with prejudice and award Plaintiff the costs and disbursements incurred in defending the counterclaims, including reasonable attorneys' fees and Third-Party Defendants, Harvey M. Block and Alfred Salazar, respectfully request that the Court dismiss Third-Party

Plaintiffs' complaint with prejudice and award Third-Party Defendants the costs and disbursements incurred in defending the third-party claims, including reasonable attorneys' fees, together with such other and further relief as the Court may deem just and proper.

Dated: October 31, 2006

                                     GERSTEN SAVAGE, LLP
                                     Attorneys for Plaintiff

                                     By: _____
                                     David Lackowitz (DAL 8591)
                                     600 Lexington Ave., 9th Fl.
                                     New York, New York 10022
                                     (212) 752-9700

To:    David S. Frydman, Esq.
        FRYDMAN LLC
        Counsel for Defendants/Third Party Plaintiffs
        Trio Industries, Management, LLC,
        Trio Industries Holdings, LLC and Robert E. Gyemant
        18 East 48th Street - 10th Floor
        New York, New York 10017
        (212)355-9100

        Evan Daniels
        Defendant *Pro Se*
        1420 Chaucer Drive
        Frisco, TX 75035
        (214) 762-0123