# GERSTEN SAVAGE LLP

600 LEXINGTON AVENUE
NEW YORK NY 10022-6018
T: 212-752-9700
F: 212-980-5192
INFO@GSKNY.COM
WWW.GSKNY.COM

MO ENDORSED

November 1, 2006

VIA FACSIMILE
The Honorable Richard Conway Casey
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-2-06
```

    Re:  Merit Capital Group, LLC v. Trio Industries Management, LLC, et al.
           04 CIV 7690 (RCC)

Dear Judge Casey:

    Our firm represents plaintiff Merit Capital Group, LLC and third-party defendants Harvey Bloch and Alfred Salazar ("Plaintiffs"). In accordance with the Court's rules, we write this letter in advance of contacting chambers tomorrow seeking an emergency conference as a result of the stated efforts of the Trio defendants ("Trio" or "company") to imminently complete a major corporate transaction which may irreparably harm the plaintiffs equity position and equity claims in Trio, and could result in the transfer, encumbrance or endangerment of Trio's assets and otherwise irreversibly devalue our clients' interests in the company.

    In a letter written yesterday to Magistrate Judge Ellis requesting an eleventh hour adjournment of tomorrow's settlement conference, court ordered six weeks ago, defendants' counsel stated that **"Trio is in the middle of a major corporate transaction. The due diligence has been completed and the company is in a quiet period in anticipation of a closing on or about November 3, 2006."** A copy of this letter is attached. Despite our urgent requests, the defendants have refused to provide the specifics of this "major" transaction. This startling admission, from the defendants' themselves, now provides the undisputed proof which this Court previously found lacking when it denied plaintiff's motion for a temporary restraining order and preliminary injunction at the outset of this case, over two years ago.

# GERSTEN SAVAGE LLP

Hon. Richard Conway Casey
November 1, 2006
Page Two

MEMO ENDORSED

    Specifically, this Court, in denying the plaintiff's motion, concluded that the plaintiff "fell short of the showing of irreparable harm required for preliminary injunctive relief...(because) Plaintiff fail[ed] to provide any specific information in support of the argument that Defendants have or will transfer, encumber, or otherwise endanger any interests in or assets of Trio Industries Holdings while this action is pending." A copy of the Court's Memorandum and Order dated January 7, 2005 is also annexed.

    In September, 2004, plaintiff had moved for a temporary restraining order and a preliminary injunction against the Trio defendants, arguing that, as a result of Trio's admitted default under various agreements between the parties, plaintiff's vested 20% equity interest had become a 70% equity interest in the company, and absent injunctive relief, plaintiffs' significant equity interests would be irreparable endangered, due to concerns that defendants were dissipating the company's assets. Specifically, we had asked the Court to enjoin the defendants from: 1) transferring or encumbering any membership interests in Trio or any of the company's assets; and 2) managing or engaging in the day-to-day business of the company.

    Our attempts to obtain the specifics of this "substantial corporate transaction" (expected to close this Friday) from defendants' counsel, in order to determine whether assets of Trio are being transferred, encumbered or otherwise endangered, and whether plaintiffs' significant equity interests and claims would be irreparably devalued, have been effectively stonewalled. In a conversation earlier today, in which we requested such information, defendant's counsel stated he would make such a request from his clients and "possibly" get back to us. Our additional request made late this afternoon for Trio's response by day's end, has been unanswered. It seems patently obvious that if plaintiffs' equity interests were not in immediate peril, defendants would be forthcoming about the details of this "major transaction", especially if such a transaction were in plaintiffs' best interests.

    Accordingly, to potentially avoid unnecessary and extensive motion practice, specifically the need to seek immediate injunctive relief, we respectfully request a conference call tomorrow with the Court to address the emergency nature of this situation and for such appropriate relief as may be necessary under the circumstances.

# GERSTEN SAVAGE LLP

Hon. Richard Conway Casey
November 1, 2006
Page Three

MEMO ENDORSED

      The Court's prompt attention and consideration in this matter is greatly appreciated.

      Respectfully submitted,

*Robert Wolf* (signature)

Robert Wolf

cc: David Frydman
     via facsimile (212) 355-8988

     Evan R. Daniels
     via facsimile (214) 705-1582

---

*Handwritten endorsement:*

Application denied. If plaintiff Merit Capital Group, LLC or third-party defendants Harvey Bloch and Alfred Salazar have concerns regarding Judge Ellis' adjournment of a settlement conference, they are directed to address those concerns to Judge Ellis.
      So ordered.

*(signature)*
Nov. 2, 2006